Vera THOMAS, et al., Plaintiffs,

v.

TELEMECANIQUE, INC.,
et al., Defendants.

Civ. No. S 90–2586.

United States District Court,
D. Maryland.

Jan. 15, 1991.

Judith S. Stainbrook and Stephen P. Bourexis, Westminster, Md., and Robin Page West, Baltimore, Md., for plaintiffs.

Jay R. Fries and John G. Krunchko, Towson, Md., for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The two defendants in this case have moved to dismiss Counts I, II, IV, and V on the grounds that they are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Defendants additionally seek to dismiss defendant Beth Neuberger, and to strike plaintiffs' jury demand. The motions have been fully briefed, and no oral hearing is necessary. Local Rule 105.6, D.Md.

### I. *Background*

Plaintiff Vera Thomas was employed full-time by defendant Telemecanique as an assembly line worker where her duties required prolonged lifting and standing. In addition to her work at Telemecanique, Mrs. Thomas worked part-time at the "Only One Dollar Store" where her duties allegedly involved no prolonged lifting or standing. According to the amended complaint, Mrs. Thomas' physician diagnosed her on November 16, 1989, as being unable to work at the assembly line job. While on disability from November 16 through December 11, 1989, Mrs. Thomas did not work at all, but she did receive disability income payments and health insurance benefits from Telemecanique. Mrs. Thomas claims that her physician advised her that she could go back to work on December 11, 1989, but only if the work did not require prolonged standing or lifting.

On December 11, 1989, Mrs. Thomas resumed her part-time position at the Only One Dollar Store. On that same day, two employees from Telemecanique, one of whom was defendant Beth Neuberger, came into the Only One Dollar Store and saw Mrs. Thomas working. In the presence of Mrs. Thomas' manager and others, these two Telemecanique employees allegedly "accused Mrs. Thomas of committing a fraud by collecting disability payments from defendant while working at the Only One Dollar Store." Amended Complaint at ¶ 16. These employees of Telemecanique also allegedly "told plaintiff that if she did not resign from Telemecanique ... she would be sued for defrauding the company." Amended Complaint at ¶ 16. Mrs. Thomas claims that these statements were republished to others, including creditors of the plaintiff and her doctor. Because of this conduct, plaintiff claims that she was denied promotion at the Only One Dollar Store and that she suffered damages. Mrs Thomas also claims that she was subsequently fired by Telemecanique, and that her benefits were terminated. Then, on January 5, 1990, Mrs. Thomas became seriously injured due to an automobile accident. Telemecanique has refused to pay her medical bills.

Plaintiff commenced this lawsuit in the Maryland Circuit Court for Carroll County,

and the defendants removed the case to this Court on October 4, 1990. The Amended Complaint requests compensatory and punitive damages for defamation, invasion of privacy, violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and intentional infliction of emotional distress. Both Mrs. Thomas and plaintiff Rayan Thomas, Mrs. Thomas' husband, claim damages for loss of consortium. The defendants have moved to dismiss all counts except for Count III which alleges a violation of ERISA. Defendants have also filed a motion to dismiss Beth Neuberger as an individual defendant, and a motion to strike plaintiffs' jury trial demand.

## II. *Motion to Dismiss*

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim only if the plaintiff cannot prove any set of facts upon which relief may be granted. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). With a motion to dismiss, the factual allegations of the complaint are construed in the light most favorable to the plaintiff and are presumed to be true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969).

Defendants argue that plaintiffs' state tort claims must be dismissed because they are all pre-empted by ERISA.

### A. Pre-emptive Effect of ERISA

■ Congress enacted ERISA in order to comprehensively regulate private employee benefit plans. The "pre-emption clause" of ERISA provides as follows:

> [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The Supreme Court interpreted this preemptive section expan-

sively in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In *Pilot,* the Court said that if the state law "relates to" employee benefit plans, then the state law is pre-empted. *Pilot,* 481 U.S. at 45, 107 S.Ct. at 1552. "State laws" include "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). Recently, in *Ingersoll–Rand Co. v. McClendon,* — U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), the Court reaffirmed the breadth of ERISA's pre-emptive effect upon state law.

> A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.... Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.

*McClendon,* 111 S.Ct. at 483 (citations omitted).

In *McClendon,* the employer fired Mr. McClendon four months before his pension would have vested. Mr. McClendon did not sue under ERISA, but instead brought a cause of action sounding in tort and contract. After the employer obtained summary judgment on all claims, the Supreme Court of Texas reversed and recognized a common law cause of action for wrongfully terminating an employee in order to avoid contributing to or paying benefits pursuant to the employee's pension fund. The Supreme Court reversed, and held that the Texas cause of action "related to" an ERISA-covered plan, thus pre-empting its state law basis.

Notwithstanding the expansive reach of ERISA, there are limits to its pre-emptive effect. In *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Court held that a state garnishment statute, when used to collect judgments against benefit plan participants, could not be pre-empted by ERISA. The state statute involved in *Mackey* operated "irrespective of the existence of an ERISA plan,"

*McClendon* 111 S.Ct. at 483, and several factors indicated that Congress did not intend pre-emption of garnishment statutes. *Mackey,* 486 U.S. at 831, 108 S.Ct. at 2186.

While the case at bar presents a close pre-emption issue, the inescapable conclusion is that this is a case about Mrs. Thomas' benefits pursuant to an ERISA plan. This case is *not* about tort claims totally remote to a benefit plan. Instead, all of Mrs. Thomas' state claims directly involve questions about her rights under the plan.

### i. *Defamation*

■ Under Maryland law, the elements of defamation are:

1) the alleged defamatory statement or action must expose a person to "public scorn, hatred, contempt or ridicule" and thus injure reputation;

2) the alleged defamatory publication must be communicated to a third person and that person must reasonably recognize the publication to be defamatory, and

3) damages must be proven.

*Mareck v. Johns Hopkins University,* 60 Md.App. 217, 223, 482 A.2d 17 (1985). Of course, truth of the statement at issue is a complete defense. M.L.E., Libel and Slander, § 51.

Plaintiffs argue that the statements made to Mrs. Thomas in the Only One Dollar Store were "not necessary in order for the Defendants to retaliate against her for receiving disability benefits." Plaintiffs' Opposition to Motion to Dismiss, at 10. Yet, the words of the Telemecanique employees were solely about the plan. A consideration of the defamation claim in this case will necessarily involve an examination of the employee benefit plan at issue. The entire issue is whether or not Mrs. Thomas had a right to receive benefits, and whether her benefits were improperly terminated. Because the claim of defamation in this case is so intertwined with the ERISA plan, this Court finds that the state cause of action "relates to" an employee benefit plan, and is thus pre-empted by ERISA.

### ii. *Invasion of Privacy*

■ A claimant can recover for unreasonable intrusion upon seclusion of the claimant's private concerns if the intrusion would be highly offensive to a reasonable person. Restatement (Second) Torts, § 652B (cited in *Hollander v. Lubow,* 277 Md. 47, 55, 351 A.2d 421 (1976)). Whether the alleged conduct was reasonable will certainly involve an inquiry into whether or not Mrs. Thomas was eligible for benefit payments under the ERISA plan. Mrs. Thomas claims that the manner in which her benefits were terminated invaded her privacy. While this tort is arguably distinct from her ERISA claim, it nonetheless "relates" to an ERISA plan, and is therefore pre-empted.

### iii. *Intentional Infliction of Emotional Distress*

■ In Maryland, there are four elements to the common law claim of intentional infliction of emotional distress:

1) the conduct must be intentional or reckless;

2) the conduct must be extreme and outrageous;

3) there must be a causal connection between the wrongful conduct and the emotional distress; and

4) the emotional distress must be severe. *Wilmington Trust Co. v. Clark,* 289 Md. 313, 424 A.2d 744 (1981). Once again, the ERISA plan is very relevant to this claim. The issue of whether the alleged conduct was extreme depends upon the parties' rights under the benefit plan. For example, whether Mrs. Thomas was ineligible for benefit payments or not will reflect upon the reasonableness of the defendants' actions.

### iv. *Loss of Consortium*

■ Mr. and Mrs. Thomas claim that they have suffered losses to their marital relationship because of the defendants' retaliation against Mrs. Thomas for collecting ERISA benefits. Because this cause of action directly relates to the ERISA plan, the claim is pre-empted. All of plaintiffs'

allegations, therefore, both individually and taken as a whole, "relate to" her employee benefit plan.

### B. Should Defendant Neuberger be Dismissed

 Defendants next argue that Beth Neuberger should be dismissed because she cannot provide the relief sought by Mrs. Thomas in her remaining ERISA claim. Contrary to defendants' assertions, plaintiffs have specifically alleged that Ms. Neuberger interfered with Mrs. Thomas' rights under ERISA. Amended Complaint at ¶ 16. Also, Mrs. Thomas not only requests equitable relief; she requests attorneys fees and "such other relief as this Court may deem just and proper." Amended Complaint at ¶ 31. Accordingly, defendant Neuberger will not be dismissed.

### C. Right to Jury Trial

Defendants also seek to strike Plaintiffs' jury demand. Due to the early stage of this litigation, it is unclear at this time what issues will be tried. Therefore, the Court will reserve ruling on Defendants' motion to strike plaintiffs' jury demand.

### III. *Conclusion*

For the reasons stated, an order will be entered separately, granting defendants' motion to dismiss Counts I, II, IV and V in plaintiffs' amended complaint, denying defendants' motion to dismiss defendant Neuberger, and reserving ruling on the motion to strike plaintiffs' jury trial demand.