**Patrick MURRAY, Individually and on Behalf of All Others Similarly Situated, Plaintiff,**

v.

**SOLIDARITY OF LABOR ORGANIZATION INTERNATIONAL UNION BENEFIT Fund a/k/a S.O.L.O. Benefit Fund, Defendant.**

**No. C 00–4168–MWB.**

United States District Court, N.D. Iowa, Western Division.

Nov. 21, 2001.

---

Stanley E. Munger, Jay Elliott Denne, Munger, Reinschmidt & Denne, Sioux City, IA, for plaintiff.

Jeff W. Wright, Heidman, Redmond, Fredregill, Patterson, Plaza & Dykstra LLP, Sioux City, IA, for defendant.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT AND APPLICATION FOR STAY OF EXECUTION**

BENNETT, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1157

II. LEGAL ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1158
   A. Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1158
   B. Reconsideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1161
      1. Applicable standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1161
      2. Defendant's "additional factual information" . . . . . . . . . . . . . . . . . . . . .1162
         a. Evidence that counsel was retained . . . . . . . . . . . . . . . . . . . . . . . . . . .1162
         b. Evidence of meritorious defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . .1164
            i. ERISA preemption defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1165
            ii. Undisclosed condition defense . . . . . . . . . . . . . . . . . . . . . . . . . . .1166

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1168

## I. INTRODUCTION

In this action, plaintiff Patrick Murray asserted claims arising from the denial by defendant S.O.L.O. Benefit Fund of payment for medical bills in excess of $75,000 from a heart attack he suffered on October 31, 1999. Upon the evidence presented at a hearing on May 11, 2001, the court directed the entry of judgment by default in favor of Murray on Counts I and III of his Complaint, his individual ERISA and libel claims, respectively. On May 15, 2001, pursuant to the court's direction and award of damages, judgment was entered on Count I for $75,367.28 for unpaid medical expenses, $15,604.30 for attorney fees incurred to that date, $355.95 in costs, and $123,082.68 for wrongful termination of insurance coverage, all with pre— and post-judgment interest at the highest legal rate.

Judgment was also entered on Count III of Murray's Complaint, the libel claim, for $50,000 for emotional distress and $2.5 million in punitive damages for conduct directed specifically at the plaintiff pursuant to IOWA CODE § 668A.1. On Murray's motion, judgment was also entered on June 11, 2001, on Count II of his Complaint, the ERISA class-action claim, dismissing that claim without prejudice.

After obtaining the default judgment, Murray levied on S.O.L.O. Benefit Fund's bank accounts, and the Fund's accounts were frozen. This prompted S.O.L.O. Benefit Fund to file, on October 4, 2001, a Motion To Set Aside Default Judgment And Application For Stay Of Execution and a separate Request For Expedited Hearing. Pursuant to S.O.L.O. Benefit Fund's request for expedited hearing, the

court heard S.O.L.O. Benefit Fund's motion to set aside the default judgment on October 8, 2001, and entered a ruling on that motion on October 11, 2001. *See Murray v. Solidarity of Labor Organization Int'l Union Benefit Fund,* 172 F.Supp.2d 1134, 2001 WL 1229952 (N.D.Iowa Oct.11, 2001).

In its October 11, 2001, Memorandum Opinion and Order Regarding Defendant's Motion to Set Aside Default Judgment and Application for Stay of Execution, the court found that S.O.L.O. Benefit Fund's motion to set aside the default judgment should be granted only in part. The court denied the portions of S.O.L.O. Benefit Fund's motion to set aside the default judgment in its entirety, pursuant to Rule 60(b)(1), on the basis of "surprise" and "excusable neglect," and pursuant to Rule 60(b)(4), on the basis of lack of personal jurisdiction. However, the court granted that portion of S.O.L.O. Benefit Fund's motion to set aside the default judgment awarding punitive damages on Murray's state-law libel claim pursuant to Rule 60(b)(6), on the ground that the punitive damages were unconstitutionally excessive, to the limited extent that the court vacated the award of $2.5 million in punitive damages and instead directed entry of judgment awarding Murray $200,000 in punitive damages on the libel claim for conduct directed specifically at the plaintiff pursuant to Iowa Code § 668A.1. The court denied S.O.L.O. Benefit Fund's motion for a stay of execution as moot.

This matter comes before the court pursuant to S.O.L.O. Benefit Fund's October 24, 2001, motion to reconsider the court's October 11, 2001, Memorandum Opinion and Order Regarding Defendant's Motion to Set Aside Default Judgment and Application for Stay of Execution. Murray resisted the motion on November 1, 2001. Notwithstanding that S.O.L.O. Benefit Fund had already filed a motion to recon-sider the October 11, 2001, ruling, on November 9, 2001, S.O.L.O. Benefit Fund also filed a notice of appeal from that ruling.

## II. LEGAL ANALYSIS

### A. Jurisdiction

" '[E]very federal court has a special obligation to consider its own jurisdiction.' " *United States v. Duke,* 50 F.3d 571, 574 (8th Cir.) (quoting *Thomas v. Basham,* 931 F.2d 521, 523 (8th Cir.1991)), *cert. denied,* 516 U.S. 885, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995). Therefore, the first question the court must resolve is whether S.O.L.O. Benefit Fund's filing of a notice of appeal from the October 11, 2001, ruling deprived this court of jurisdiction to rule on S.O.L.O. Benefit Fund's prior motion to reconsider that ruling. The Eighth Circuit Court of Appeals considered a similar question in *MIF Realty L.P. v. Rochester Associates,* 92 F.3d 752 (8th Cir.1996).

In *MIF Realty,* the parties entered into settlement negotiations and, upon representations to the court that a settlement had been reached, the district court dismissed the action with prejudice. *See MIF Realty,* 92 F.3d at 753. However, the parties encountered difficulties in reducing the settlement agreement to writing. *Id.* MIF Realty eventually moved to set aside the dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but the court denied the motion. *Id.* MIF Realty then filed a Rule 59(e) motion to reconsider the Rule 60(b) ruling, asserting that the court's findings in support of the ruling were clearly erroneous. *Id.* at 754. Before the district court ruled on the motion to reconsider, however, MIF Realty filed a timely appeal of the order denying its Rule 60(b) motion, *see id.,* much as S.O.L.O. Benefit Fund has done in this case. The district court determined that the notice of appeal deprived it of jurisdiction to rule on the motion to reconsider.

*Id.* The court nevertheless amended its findings in the Rule 60(b) ruling to find that the parties had failed to notify the court within 60 days of the dismissal order that they had failed to reach a settlement, as the order provided, which had caused the district court's jurisdiction to reopen the case or to extend the settlement period to lapse. *Id.* The district court concluded that this understanding of the facts rendered moot any reconsideration of its original conclusion that MIF Realty was judicially estopped from asserting that the case had not settled after formerly representing to the court that it had. *Id.* at 754–55.

On appeal, the Eighth Circuit Court of Appeals concluded that, "[c]ontrary to the district court's belief, it did have jurisdiction to reconsider the Rule 60(b) ruling." *Id.* at 755. The court explained,

> Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as amended, provides that when a notice of appeal is filed after a judgment but before a district court has had an opportunity to rule on "a pending tolling motion, the notice of appeal lies dormant until the trial court disposes of the pending motion. Upon such disposition, the notice becomes effective." *United States v. Duke,* 50 F.3d 571, 575 (8th Cir.), *cert. denied,* 516 U.S. 885, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995). Because MIF's Rule 59(e) motion to reconsider is such a tolling motion, *see id.* at 574 (noting that a timely Rule 59(e) motion tolls the time for filing a notice of appeal), MIF's notice of appeal did not divest the trial court of jurisdiction to rule on the motion. MIF's notice of appeal was not effective until the district court disposed of the motion to reconsider. Given this

posture, we construe the district court's order on the motion to reconsider as properly amending the findings of fact in the order denying the Rule 60(b) motion. We also give effect to the district court's indication that, in light of the amended findings, the judicial estoppel issue is moot. Therefore, we will not consider whether the district court properly applied the doctrine of judicial estoppel. We will consider only whether the district court properly denied Rule 60(b) relief on its merits.

*MIF Realty,* 92 F.3d at 755.

■ Rule 4(a)(4) of the Federal Rules of Appellate Procedure has not been amended in any substantive way since the decision in *MIF Realty* was handed down. *See* FED.R.APP.P. 4, Advisory Committee Notes, 1998 Amendments, Subdivision (a), paragraph (4). Thus, pursuant to *MIF Realty,* S.O.L.O. Benefit Fund's filing of a notice of appeal of the October 11, 2001, ruling does not divest this court of jurisdiction to rule on S.O.L.O. Benefit Fund's previously-filed motion to reconsider, if that earlier motion is a timely-filed "tolling motion" within the meaning of Rule 4(a)(4) of the Federal Rules of Appellate Procedure. *See MIF Realty,* 92 F.3d at 755. Rather, the notice of appeal will "lie dormant" until this court rules on the motion to reconsider, at which point, S.O.L.O. Benefit Fund may amend its notice of appeal and the appellate court will consider the October 11, 2001, ruling as that order may be amended herein. *See id.*

S.O.L.O. Benefit Fund contends that its October 24, 2001, motion to reconsider is brought pursuant to the court's statement on its web site that "it will review any motion to reconsider." Defendant's Motion To Reconsider, ¶ 4.[1] A motion pursu-

---

1. From the court's home page at *www.iand.uscourts.gov.* using the links to "Judges Information," "Personal Prefer- ences," and "Judge Mark W. Bennett," a web surfer would find, *inter alia,* the following:
   10. How does the court view motions to reconsider?

ant to this authority is not plainly identified in either *MIF Realty,* or *United States v. Duke,* 50 F.3d 571, 574 (8th Cir.), *cert. denied,* 516 U.S. 885, 116 S.Ct. 224, 133 L.Ed.2d 154 (1995), upon which *MIF Realty* relies, as a "tolling motion." Therefore, further consideration of the nature and basis for S.O.L.O. Benefit Fund's motion to reconsider is required.

The most likely candidates as the basis for a "motion to reconsider" are Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which provide for motions "to alter or amend a judgment" and motions to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" for various reasons, respectively. *See* FED.R.CIV.P. 59(e), 60(b). It appears that, because S.O.L.O. Benefit Fund seeks relief from the October 11, 2001, ruling primarily on the ground that "additional factual information is available to address the Court's concerns," *see* Defendant's Motion To Reconsider at ¶ 5, the appropriate basis for its motion would be Rule 60(b). *See* FED.R.CIV.P. 60(b) (providing for relief from a final judgment or order, *inter alia,* on the basis of "newly discovered evidence," and "any other reason justifying relief from the operation of the judgment").

However, as the Eighth Circuit Court of Appeals explained in *Duke,*

> In the past, courts struggled to characterize self-styled "motions for reconsideration" as motions made pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Sanders v. Clemco Indus.,* 862 F.2d 161, 168–69 (8th Cir.1988). Proper char-

acterization was critical because under the version of Rule 4(a)(4) of the Federal Rules of Appellate Procedure in effect prior to December 1, 1993, a timely served Rule 59(e) motion would toll the time for the filing of a notice of appeal but a Rule 60(b) motion would not. *See* Fed.R.App.P. 4(a)(4) (1979 version).

> A 1993 amendment to Rule 4(a)(4) has eliminated this problem by providing that a Rule 60(b) motion served within 10 days of the entry of judgment also tolls the time for the filing of a notice of appeal. Fed.R.App.P. 4(a)(4)(F). Thus, for purposes of our jurisdictional analysis, we can determine whether Duke's motion for reconsideration tolled the time period for the filing of a notice of appeal without having to decide whether Duke's motion was made pursuant to Rule 59(e) or Rule 60(b). Because, as discussed below, we conclude that Rule 4(a)(4), as amended, should apply retroactively, we will proceed accordingly.

> If Duke's motion for reconsideration was not served within ten days of the entry of judgment, it would not trigger the tolling effect of Rule 4(a)(4). In such case, his notice of appeal, filed on October 13, 1993, would be effective because the sixty-day period for its filing would have expired on October 16, 1993.

*Duke,* 50 F.3d at 574. In light of the *Duke* decision, the court finds that the pertinent question to determine whether a "motion to reconsider" is a "tolling motion" is not so much whether the "motion to reconsider" can be based upon Rule 59(e) or Rule 60(b), but whether the motion was served

Judge Bennett will review any motion to reconsider and, if it raises new matters, cites to new authorities or provides new rationale, the court will give it due consideration. However, the Federal Rules of Civil Procedure make no specific provision for a "motion to reconsider," and parties should be careful that they do not

waive any jurisdictional time requirement by waiting for a ruling on a motion to reconsider.

Thus, while the court is willing to "review any motion to reconsider," "due consideration" is promised only for motions to reconsider that "rais[e] new matters, cit[e] to new authorities or provid[e] new rationale."

within ten days of the entry of judgment, such that it triggers the tolling effect of Rule 4(a)(4). *See id.* In this case, S.O.L.O. Benefit Fund's "motion to reconsider" bears a certificate of service dated October 24, 2001, and was indeed filed with the Clerk of Court on that date. This service date is within ten days of the date of the October 11, 2001, ruling and judgment entered pursuant to it, as time is calculated under Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure and Rule 6(a) of the Federal Rules of Civil Procedure.

Thus, the court concludes that S.O.L.O. Benefit Fund's "motion to reconsider" is a "tolling motion" that tolls the time for filing of a notice of appeal; the motion to reconsider causes the notice of appeal to "lie dormant" until the court rules upon the motion; and the court may exercise jurisdiction over the motion to reconsider notwithstanding that S.O.L.O. Benefit Fund subsequently filed a notice of appeal. *See MIF Realty,* 92 F.3d at 755; *Duke,* 50 F.3d at 574. Therefore, the court may turn to consideration of S.O.L.O. Benefit Fund's assertions that the court should reconsider and set aside its October 11, 2001, ruling, which denied S.O.L.O. Benefit Fund's motion to set aside the default judgment entered against it except as to the amount of punitive damages on Murray's libel claim.

### B. Reconsideration

In its motion to reconsider, S.O.L.O. Benefit Fund asserts that "additional factual information is available to address the Court's concerns," which requires the court to reconsider its October 11, 2001, ruling and now set aside the default judgment in this case. *See* Defendant's Motion To Reconsider at ¶ 5. Murray, however, argues that the "additional factual information" now offered by S.O.L.O. Benefit Fund should be considered against the equitable standard for "new evidence" un-

der Rule 60(b), and that under such consideration, the evidence is neither "new" nor sufficient to dictate a different result.

### 1. Applicable standards

As indicated above, although S.O.L.O. Benefit Fund relied on the court's statement on its web site that the court would review any motion to reconsider, the court finds that the proper basis for S.O.L.O. Benefit Fund's motion to reconsider is Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides that "[o]n a motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding," *inter alia,* because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," or for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(2) & (b)(6). Rule 60(b) " 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.' " *Sanders v. Clemco Indus.,* 862 F.2d 161, 169 n. 14 (8th Cir.1988) (quoting *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986) (*per curiam*), *cert. denied,* 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987)); *see also United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights,* 51 F.3d 117, 120 (8th Cir.1995) ("A district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.' ") (also quoting *Young*); *Mitchell v. Shalala,* 48 F.3d 1039 (8th Cir.1995) ("Generally, Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances."); *Atkinson v. Prudential Property Co., Inc.,* 43 F.3d 367 (8th Cir.1994) (also quoting *Young*); *Schultz v. Commerce First Fin.,* 24 F.3d 1023, 1024 (8th Cir.1994) (also quoting *Young*); *Robinson*

*v. Armontrout,* 8 F.3d 6 (8th Cir.1993) (also quoting *Young*); *Reyher v. Champion Int'l Corp.,* 975 F.2d 483, 488 (8th Cir. 1992) (Rule 60(b) provides for extraordinary relief which may be granted only on adequate showing of exceptional circumstances).

While relief under the rule is "extraordinary," a Rule 60(b) motion is "committed to the sound discretion of the trial court." *MIF Realty L.P.,* 92 F.3d at 755. As the Eighth Circuit Court of Appeals explained,

> Rule 60(b) is to be given a liberal construction so as to do substantial justice and " 'to prevent the judgment from becoming a vehicle of injustice.' " *Id.* (quoting *United States v. Walus,* 616 F.2d 283, 288 (7th Cir.1980)). This motion is grounded in equity and exists "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." *Id.* (internal quotations omitted) (alterations in original). *See also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2857, at 255 (2d ed. 1995) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b).")

*MIF Realty L.P.,* 92 F.3d at 755–56. Although Rule 60(b) motions are "disfavored," the Eighth Circuit Court of Appeals has also "recognize[d] that they 'serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will be reversed where an abuse of discretion occurs.' " *Id.* at 755 (quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984)). An "abuse of discretion" occurs "if the district court rests its conclusion on clearly erroneous factual findings or if its decision

relies on erroneous legal conclusions." *Id.* (internal quotation marks omitted) (quoting *Hosna v. Groose,* 80 F.3d 298, 303 (8th Cir.1996), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996), in turn quoting *International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R.,* 850 F.2d 368, 374 (8th Cir.1988) (*en banc* ), *cert. denied,* 489 U.S. 1010, 109 S.Ct. 1118, 103 L.Ed.2d 181 (1989)).

Nevertheless, Rule 60(b) only "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir.1999); *MIF Realty L.P. v. Rochester Assocs.,* 92 F.3d 752, 755 (8th Cir.1996) ("Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect."). Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway,* 193 F.3d at 990. Thus, a "motion to reconsider" pursuant to Rule 60(b) is properly denied, for example, where the movant "d[oes] nothing more than reargue, somewhat more fully, the merits of their claim." *Id.; Sanders,* 862 F.2d at 170 (a Rule 60(b) motion may be denied where it raises only issues of law previously rejected by the court, because the failure to present reasons not previously considered by the court " 'alone is a controlling factor against granting relief' ") (quoting *Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir.1980)).

■ Where a Rule 60(b) motion is premised on "newly discovered evidence," ground (b)(2), to satisfy the "exceptional circumstances" requirement, the evidence must be "sufficient to justify setting aside the original judgment." *Swope v. Siegel–Robert, Inc.,* 243 F.3d 486, 498 (8th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 198, —— L.Ed.2d —— (2001). Moreover, "Rule

60(b) permits consideration only of facts which were in existence at the time of trial, not opinions, which can be formulated at any time." *Id.* (citing *Lapiczak v. Zaist,* 54 F.R.D. 546, 548 (D.Vt.1972), which held that witness opinions developed after trial were not permitted under Rule 60(b)(2)). Therefore, "[i]n order to prevail under Rule 60(b)(2), the movant must show that: (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." *Schwieger v. Farm Bureau Ins. Co. of Nebraska,* 207 F.3d 480, 487 (8th Cir.2000) (citing *Mitchell v. Shalala,* 48 F.3d 1039, 1041 (8th Cir.1995)). Rule 60(b) also provides a "catchall" ground for relief for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(6). However, the "exceptional circumstances" standard also applies to motions brought on the "catch-all" ground. *Atkinson,* 43 F.3d at 373; *Schultz,* 24 F.3d at 1024; *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir.1989).

The court will consider the various kinds of "additional factual information" identified by S.O.L.O. Benefit Fund in turn against both a Rule 60(b)(2) "new evidence" standard and a Rule 60(b)(6) "catchall" standard.

### 2. Defendant's "additional factual information"

■ S.O.L.O. Benefit Fund contends that additional exhibits attached to its motion to reconsider should lead the court to reconsider the October 11, 2001, ruling on S.O.L.O. Benefit Fund's motion to set aside the default judgment and prompt the court to set aside the default judgment in its entirety. However, the court finds that *none* of the evidence now presented can properly be considered "newly discovered." *See* FED.R.CIV.P. 60(b)(2). While this

evidence may have been "discovered" after the hearing on S.O.L.O. Benefit Fund's motion to set aside the default judgment, it is plain that all of the purportedly "new" evidence could have been discovered with the exercise of due diligence prior to the hearing, because *all* of the evidence S.O.L.O. Benefit Fund now presents was already in its custody, even if it was not in the custody of its present counsel. *Schwieger,* 207 F.3d at 487 (first two factors in consideration of "newly discovered evidence" are whether the evidence was discovered after the trial or hearing and whether the evidence could have been discovered in the exercise of due diligence).

Nevertheless, in the court's view, the remaining factors applicable to consideration of "newly discovered evidence" under Rule 60(b)(2)—whether "the evidence is material and not merely cumulative or impeaching," and whether "the evidence is such that a new trial would probably produce a different result," *id.*—are pertinent to the question of whether relief should be granted under the "exceptional circumstances" standard applicable to the "catch-all" ground in Rule 60(b)(6). *See* FED. R.CIV.P. 60(b)(6) (providing for relief from a judgment or order for "any other reason justifying relief from the operation of the judgment"); *see also Atkinson,* 43 F.3d at 373 (requiring a showing of "exceptional circumstances" for relief pursuant to Rule 60(b)(6)); *Schultz,* 24 F.3d at 1024 (same); *In re Zimmerman,* 869 F.2d at 1128 (same). Therefore, the court will continue its evaluation of S.O.L.O. Benefit Fund's "additional factual information" to see if that information requires relief pursuant to Rule 60(b)(6) from the October 11, 2001, ruling and judgment.

### a. Evidence that counsel was retained

■ On the basis of various billing records now presented to the court, S.O.L.O.

Benefit Fund contends that " [t]here can be little doubt that Patricia McConnell was on retainer with S.O.L.O. Benefit Fund at the time this matter was under consideration," and that she in fact billed S.O.L.O. Benefit Fund for work related to this litigation. *See* Defendant's Motion to Reconsider at ¶ 6. While Murray disputes the conclusiveness of the evidence now submitted as demonstrating more than an inference that Ms. McConnell was retained to represent S.O.L.O. Benefit Fund in some "Iowa litigation," but not necessarily this case, the more telling insufficiency of this evidence to establish entitlement to relief from the October 11, 2001, ruling is that it is barely material and far from sufficient to show that the court would probably have reached a different result. *See, e.g., Schwieger,* 207 F.3d at 487. Thus, this evidence that Ms. McConnell was supposedly retained to represent S.O.L.O. Benefit Fund in this litigation does not establish "exceptional circumstances" for relief from the October 11, 2001, order. *See Atkinson,* 43 F.3d at 373; *Schultz,* 24 F.3d at 1024; *In re Zimmerman,* 869 F.2d at 1128.

■ First, as the court made clear in the October 11, 2001, ruling in its consideration of the reasons for S.O.L.O. Benefit Fund's failure to answer Murray's Complaint, the inexcusable neglect of counsel retained to represent a party is properly imputed to the party itself. *See Murray,* 172 F.Supp.2d at 1139, 2001 WL 1229952 at *6 (citing, *inter alia, Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 118–19 (8th Cir.1997)). Indeed, the court specifically assumed, without deciding, that S.O.L.O. Benefit Fund had actually retained Ms. McConnell to represent it in this matter, but found that Ms. McConnell did not do all she reasonably could to comply with the deadline for filing an answer or responsive motion to Murray's Complaint, such that no relief was appropriate. *See id.* at 1139–1140 *6–*7.

Thus, whether or not there is now evidence that S.O.L.O. Benefit Fund in fact retained Ms. McConnell is of no moment, where the court assumed as much, but still found that counsel's neglect was inexcusable. Moreover, the court found that, even if it was inappropriate to impute the failings of counsel to the litigant, the inaction or negligence of S.O.L.O. Benefit Fund itself constituted such dilatory conduct that no relief was appropriate. *See id.* at 1140–1141 *7–*9. Thus, nothing in the evidence S.O.L.O. Benefit Fund now presents regarding its supposed retention of Ms. McConnell to represent it in this matter constitutes evidence in light of which the court would probably have reached a different result, *see, e.g., Schwieger,* 207 F.3d at 487, and thus does not establish "exceptional circumstances" for relief from the October 11, 2001, order. *See Atkinson,* 43 F.3d at 373; *Schultz,* 24 F.3d at 1024; *In re Zimmerman,* 869 F.2d at 1128.

#### b. Evidence of meritorious defenses

Turning to "other considerations" besides the reasons for S.O.L.O. Benefit Fund's failure to answer Murray's Complaint, *see Murray,* 172 F.Supp.2d at 1141, 2001 WL 1229952 at *9, S.O.L.O. Benefit Fund now asserts that, contrary to the court's conclusions in the October 11, 2001, ruling, as a matter of fact and law, it has meritorious defenses to Murray's claims. The merit of these defenses, S.O.L.O. Benefit Fund contends, takes on a "different light," when considered in conjunction with evidence that S.O.L.O. Benefit Fund did indeed retain Ms. McConnell to represent it in this litigation and relied on her statements that she had taken care of the default judgment. The court will therefore consider whether S.O.L.O. Benefit Fund's additional evidence and arguments support its contention that it had meritorious defenses.

*i. ERISA preemption defense.* Although not S.O.L.O. Benefit Fund's first assertion regarding the existence of meritorious defenses, the court will consider first S.O.L.O. Benefit Fund's assertion that, contrary to the court's statement in the October 11, 2001, ruling, S.O.L.O. Benefit Fund *had* cited authority for the proposition that a state-law libel claim is preempted by ERISA. *See* Defendant's Motion to Reconsider at ¶ 15. S.O.L.O. Benefit Fund points out that, in it original motion to set aside the default judgment, it cited *Thomas v. Telemecanique, Inc.,* 768 F.Supp. 503, 506 (D.Md.1991). S.O.L.O. Benefit Fund now argues that, in *Thomas,* the court held that a state-law libel claim was preempted by ERISA, because the libel alleged in that case "[was] solely about the plan" and "[a] consideration of the [libel] claim in [*Thomas* ] w[ould] necessarily involve an examination of the employee benefit plan at issue," citing *Thomas,* 768 F.Supp. at 506. *See* Defendant's Motion to Reconsider at ¶¶ 16–17.

■ The court admits that it overlooked the citation to *Thomas* and an explanatory parenthetical about that case in a string citation in S.O.L.O. Benefit Fund's motion to set aside the default judgment, and the October 11, 2001, ruling is amended to reflect that fact. However, the citation to one case holding that a state-law libel or defamation claim is preempted is far from enough to establish that, as a matter of law, the libel claim in this case is preempted by ERISA. Indeed, as the court pointed out in the October 11, 2001, ruling, S.O.L.O. Benefit Fund's contention that the libel claim here is preempted is contrary to the weight of federal authority. *See Murray,* 172 F.Supp.2d at 1142–43, 2001 WL 1229952 at *12 (citing, for example, *Mackey v. Lanier Collection Agency & Serv., Inc.,* 486 U.S. 825, 832–33 & n. 8, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), which cites a libel claim against an ERISA plan as an example of a run-of-the-mill state-law claim not preempted by ERISA, and *American Med. Ass'n v. United Healthcare Corp.,* 2001 WL 863561, *15 (S.D.N.Y. July 31, 2001), which held that the plaintiff's state-law libel claim was not preempted by ERISA, citing *Mackey*). Thus, S.O.L.O. Benefit Fund has done no more than cite a case on one side of a split in authority. Furthermore, the court does not find the *Thomas* decision persuasive, nor is it controlling authority. However, even if *Thomas* were controlling or persuasive, and hence gave the "meritorious defense" factor more weight in favor of granting S.O.L.O Benefit Fund relief from the default judgment than the court originally gave that factor, that factor is but one the court is to consider on a motion to set aside a default judgment on the basis of "excusable neglect"—and it is not the "key" factor, which instead is the reason for the default. *See Murray,* 172 F.Supp.2d at 1138–39, 2001 WL 1229952 at *4–*5 (citing *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.,* 256 F.3d 781, 782–83 (8th Cir.2001)). In the "careful balancing of multiple considerations" in the requisite "equitable inquiry" to determine whether or not to set aside the default judgment in this case, *id.* (quoting *Union Pac. R.R. Co.,* 256 F.3d at 783), the possibility of a "meritorious defense" based on *Thomas* still weighs too lightly to require the court to set aside the default judgment, where there is a split in authority on the preemption issue, *Thomas* appears to be on the minority side of the split, and there is still overwhelming evidence that there is no excusable reason for the neglect of this litigation by S.O.L.O. Benefit Fund's chosen counsel and S.O.L.O. Benefit Fund itself. The October 11, 2001, ruling is amended accordingly.

However, ultimately, authority supporting an ERISA-preemption defense is not sufficient to demonstrate that the court would probably have reached a different

result, *see, e.g., Schwieger*, 207 F.3d at 487, and does not establish "exceptional circumstances" for relief from the October 11, 2001, order pursuant to Rule 60(b)(6). *See Atkinson*, 43 F.3d at 373; *Schultz*, 24 F.3d at 1024; *In re Zimmerman*, 869 F.2d at 1128.

***ii. Undisclosed condition defense.*** As to the factual merit of its defense to Murray's ERISA and libel claims premised on Murray's alleged failure to disclose previously-diagnosed heart conditions, S.O.L.O. Benefit Fund first asks the court to reevaluate certain evidence. The evidence in question is Murray's use of Univasc, which S.O.L.O. Benefit Fund argues is a hypertension medication, but Murray contends was prescribed to protect his kidneys in his diabetes regimen. S.O.L.O. Benefit Fund contends that the evidence that Murray was taking a hypertension medication, when combined with the medical findings on August 25, 1998, that Murray had a heart attack, would permit a finding for S.O.L.O. Benefit Fund that Murray failed to disclose a previously-diagnosed heart condition, thus justifying reconsideration and relief from the default judgment. *See* Defendant's Motion to Reconsider at ¶ 7. S.O.L.O. Benefit Fund's renewed argument for relief based on this previously-considered evidence is unpersuasive.

First, S.O.L.O. Benefit Fund's argument concerning use of Univasc and the supposed diagnosis of a heart attack on August 25, 1998, consists of nothing more than "reargument" of factual and legal contentions already rejected by the court. *See Broadway*, 193 F.3d at 990 (Rule 60(b) "is not a vehicle for simple reargument on the merits" and, therefore, a "motion to reconsider" pursuant to Rule 60(b) is properly denied where the movant "d[oes] nothing more than reargue, somewhat more fully, the merits of [its] claim"); *see also Murray*, 172 F.Supp.2d at 1142–43, 2001 WL 1229952 at *12 (rejecting this

argument on the basis of the May 29, 1997, and August 25, 1998, records, upon which S.O.L.O. Benefit Fund then relied). Thus, this request for reevaluation of evidence simply does not require relief. *See id.* Second, S.O.L.O. Benefit Fund's contention that this evidence demonstrates that Murray had been previously "diagnosed" with, but failed to disclose, a heart condition when he applied for coverage under the plan is still unpersuasive, because it mischaracterizes the record. *See Murray*, 172 F.Supp.2d at 1142–43, 2001 WL 1229952 at *12 (explaining that the May 29, 1997, and August 25, 1998, records did not support S.O.L.O. Benefit Fund's contentions, because the first record showed the Univasc was prescribed, not for hypertension, but to protect Murray's kidneys, and the second record did not state a "diagnosis" of a heart attack, but much more equivocally stated that "[i]t appears that [Murray] may have had a MI [myocardial infarction]" approximately a week earlier, when he complained about squeezing in his chest after eating some curly fries, and no other records or test results then in the record stated a diagnosis of a heart attack prior to Murray's application for coverage under the ERISA plan at issue). Therefore, reevaluation of previously submitted evidence does not require a different result.

■ S.O.L.O. Benefit Fund also submits several "new" items of evidence in support of its contention that Murray failed to disclose a previously-diagnosed heart condition in his application for coverage under the plan, coupled with an argument that it was not required to present undisputed evidence in support of its "meritorious defense" to obtain relief from the default judgment. *See* Defendant's Motion To Reconsider at ¶¶ 8–12. While the court agrees that it was not S.O.L.O. Benefit Fund's duty to present undisputed evi-

dence in order to establish a meritorious defense, it is the duty of the party moving to set aside a default judgment to "proffe[r] evidence [that] 'would permit a finding for the defaulting party.' " *Murray*, 172 F.Supp.2d at 1142, 2001 WL 1229952 at *11 (quoting *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 785 (8th Cir.1998), in turn quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988), and citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2697 (1983)). However, as explained above, as of the October 11, 2001, ruling, S.O.L.O. Benefit Fund's submissions regarding the supposed pre-existing condition had not met this standard.

■ Nor do its subsequent submissions. First, as explained at the outset of the analysis of S.O.L.O. Benefit Fund's motion in relation to the standards for relief based on "newly discovered evidence" pursuant to Rule 60(b)(2), S.O.L.O. Benefit Fund's submissions in its motion to reconsider are not such evidence. *See supra*, p. 1143 13. Moreover, as Murray argues, none of the evidence constitutes a *prior* diagnosis of a heart condition; at best, each reflects evaluation *after* Murray's October 31, 1999, heart attack of previous medical evidence that, in hindsight, may have indicated a prior heart condition. One possible exception is S.O.L.O. Benefit Fund's interpretation of medical records from June 12, 1997,[2] August 27, 1997, *see* Defendant's Motion To Reconsider, Exhibit E, which S.O.L.O. Benefit Fund contends "indicate blood pressure of 144/86 and 184/82 respectively along with an indication of Univasc on August 27, 1997." *See* Defendant's

Motion To Reconsider at ¶ 10. The court agrees that one of the records, actually the one from August 27, 1997, indicates a blood pressure reading of 144/86; however, the court's reading of the other blood pressure reading, actually from June 12, 1997, is not 184/82, but 134/82. *See* Defendant's Motion To Reconsider, Exhibit E. The court also sees no suggestion in these records that the Univasc was prescribed for high blood pressure, as S.O.L.O. Benefit Fund seems to suggest. Rather, Univasc is simply listed among Murray's current medications and routine nutritional supplements, along with other routine information, like his blood pressure. *See id.* Moreover, as the court pointed out in its October 11, 2001, ruling, the only indication of the purpose for which Univasc was actually prescribed in the record available at that time was "as his ACE inhibitor and [to] try to protect his kidneys" in medical records from May 29, 1997. *See Murray*, 172 F.Supp.2d at 1142, 2001 WL 1229952 at *12 (citing Defendant's Motion To Set Aside, Exhibit C (medical records for May 29, 1997)). None of the additional records S.O.L.O. Benefit Fund now submits states a different purpose for the Univasc prescription.

Thus, S.O.L.O. Benefit Fund's renewed attempt to point to evidence sufficient to establish that the court probably would have reached a different result on the merits of its "pre-existing condition" defense does not satisfy that requirement for relief. *See, e.g., Schwieger*, 207 F.3d at 487. Consequently, the court finds no "exceptional circumstances" for relief from the October 11, 2001, order pursuant to Rule 60(b)(6). *See Atkinson*, 43 F.3d at 373;

---

**2.** This record is identified by S.O.L.O. Benefit Fund as from June 16, 1997, but the records in Exhibit E indicate blood pressure measurements from June 12, 1997, and a notation from July 16, 1997, that does not indicate a blood pressure measurement. *See* Defendant's Motion To Reconsider, Exhibit E.

*Schultz,* 24 F.3d at 1024; *In re Zimmerman,* 869 F.2d at 1128.

### III. CONCLUSION

Although the court has jurisdiction to consider S.O.L.O. Benefit Fund's motion to reconsider the court's October 11, 2001, ruling, notwithstanding that S.O.L.O. Benefit Fund has also filed a notice of appeal regarding that ruling, the court finds that S.O.L.O. Benefit Fund is not entitled to set aside the October 11, 2001, ruling or amended judgment. None of the "additional factual information" provided by S.O.L.O. Benefit Fund in support of its motion to reconsider properly constitutes "newly discovered evidence" within the meaning of Rule 60(b)(2) of the Federal Rules of Civil Procedure, nor does it require relief pursuant to Rule 60(b)(6), because it does not establish "exceptional circumstances" for relief from the October 11, 2001, ruling. With the exception that the court finds that S.O.L.O. Benefit Fund did cite a case holding that a state-law libel claim is preempted by ERISA in support of its motion to set aside default judgment, and the October 11, 200 2001, ruling is amended with regard to the impact of the ERISA preemption defense, as stated herein, S.O.L.O. Benefit Fund's October 24, 2001, Motion To Reconsider is **denied.**

**IT IS SO ORDERED.**