_____

Nos. 95-2765 & 95-2864
_____

MIF Realty L. P., substituted    *
as plaintiff for plaintiff RTC;  *
a Delaware limited partnership,  *
                                 *
    Appellant/Cross-Appellee,    *  Appeals from the United States
                                 *  District Court for the
    v.                           *  District of Minnesota.
                                 *
Rochester Associates, a New      *
York general partnership; David  *
Glaser; Jeri Glaser; Steven      *
Glaser; Susan Glaser; Edward     *
Lapidus; Kathryn Lapidus; Paul   *
Lapidus; Lori Lapidus; Maynard   *
Koenigsberg; Elaine Koenigsberg; *
Craig Koenigsberg; Andre Hercz;  *
and Victoria Hercz,              *
                                 *
    Appellees/Cross-Appellants.  *

_____

Submitted:  February 15, 1996

Filed:  August 16, 1996
_____

Before HANSEN, LAY, and JOHN R. GIBSON, Circuit Judges.
_____

HANSEN, Circuit Judge.

Following settlement negotiations between the parties and upon representation that a settlement had been reached, the district court dismissed this foreclosure action with prejudice.  Due to difficulties in reducing the settlement agreement to writing, MIF Realty L.P. (MIF) sought to set aside the dismissal.  See Fed. R. Civ. P. 60(b).  The district court denied MIF's Rule 60(b) motion.

MIF appeals, and Rochester Associates cross appeals.  We reverse and remand to the district court for further proceedings.

## I.

Resolution Trust Corporation (RTC), as conservator for Home Federal Savings Association, brought this action against Rochester Associates to obtain judgment for a default on a note, which was secured by a mortgage on Rochester Associates' eight-story office building, and to initiate foreclosure proceedings to secure payment of the judgment.  The RTC also sought to enforce a guaranty agreement against the individually named guarantors to secure any deficiency after foreclosure.  In total, the RTC sought a judgment in excess of four million dollars from Rochester Associates and the individually named guarantors.

MIF took an assignment of all of the RTC's interests in Rochester Associate's loan and was substituted as the plaintiff in this case.  The parties then entered into settlement negotiations. In August 1994, MIF told its counsel that the parties had reached an oral settlement agreement that would be binding when reduced to writing and that they were in the process of preparing settlement documents.  MIF's counsel in turn informed the district court of the settlement.  Based on that representation, the district court sua sponte dismissed the action with prejudice, providing a 60-day period after dismissal during which any party could move to reopen the case, file a stipulated form of final judgment, or seek enforcement of the settlement terms.

Neither party sought to reopen the case within the 60-day period following entry of the dismissal order.  The parties traded several drafts of settlement documents but never succeeded in reducing their assumed oral agreement to writing.  In February 1995, approximately four months after the 60-day period had expired, MIF abandoned its efforts to reduce the agreement to

2

writing due to Rochester Associates' ever-lengthening list of disputed terms and commenced a second foreclosure proceeding in state court. Rochester Associates removed the case to federal district court and asserted that the action was barred by res judicata because the first foreclosure action had been dismissed with prejudice.

MIF then brought a Federal Rule of Civil Procedure 60(b) motion in the first action to set aside the order of dismissal. As grounds for the motion, MIF asserted that the parties' belief that a settlement had been reached and could be reduced to writing had proven to be a mistake. The district court found that the Rule 60(b) motion was timely. The court also found, however, that at the time MIF first represented to the court that the case had settled, MIF knew that its negotiator did not have the necessary committee approval to enter into an initial settlement. Therefore, the district court concluded that the doctrine of judicial estoppel barred MIF from asserting that it had acted under a mistaken belief that the case had settled.

MIF filed a Rule 59(e) motion requesting the district court to reconsider its Rule 60(b) ruling, asserting that the court's fact findings were clearly erroneous. The parties waived their rights to an evidentiary hearing to determine the existence or terms of any settlement. Before the district court ruled on the motion to reconsider, however, MIF timely appealed the order denying its Rule 60(b) motion. The district court determined that the notice of appeal deprived it of jurisdiction to rule on the motion to reconsider, yet the court amended the findings in its original order as follows:

> The Court finds that the parties represented to each other that they had agreed to the material terms of settlement at the time MIF informed the Court that the case had settled, and that the necessary decision-makers had already agreed to the terms of settlement. Thus

there should have been no need to reach the issue of judicial estoppel in the Order denying MIF's Motion to Set Aside the Order of Dismissal. The Court was not mistaken in its basis for the original dismissal of this case: the parties agreed to a settlement. The parties have simply failed to reduce their settlement to writing. Notwithstanding the parties' ardent dispute about what the terms of the negotiated settlement actually were, this case involves the very elements of settlement breakdown that lead [sic] the Court to retain jurisdiction for a limited period following settlement. In short, the parties' dispute over their settlement should have been brought to the Court's attention within 60 days of the dismissal Order. The Court could have extended its jurisdiction period to allow additional time for the settlement terms to be reduced to writing, or could have returned the case to the trial calendar. The parties' failure to seek the reopening of this matter within 60 days of the dismissal Order under the facts now apparent caused the jurisdiction of the Court to lapse after 60 days. The Court finds this case does not include the type of mistake that warrants setting aside the dismissal.

. . . .

[T]his Court lacks jurisdiction to reconsider its conclusion that MIF is judicially estopped from asserting the case had not settled after formerly representing to the Court that it had. The Court's understanding of the facts now before it, however, would render such reconsideration moot.

(Appellants' Addend. at AD-13 to -14.)

MIF appeals, arguing that the district court abused its discretion by denying its Rule 60(b) motion. Rochester Associates and the named defendants cross appeal, arguing that the district court abused its discretion by finding that MIF's motion was timely. They also contend that the court has no jurisdiction over Jeri Glaser and Steven Glaser because they were not named on the notice of appeal.

4

**II.**

We first take a moment to clarify the posture of the district court's orders. While the district court concluded that it did not have jurisdiction to rule on the motion to reconsider, it nevertheless amended the findings of fact in the original order and indicated that, if it had jurisdiction to reconsider the denial of Rule 60(b) relief, its previous ruling based on judicial estoppel would be moot given the amended findings. Contrary to the district court's belief, it did have jurisdiction to reconsider the Rule 60(b) ruling.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as amended, provides that when a notice of appeal is filed after a judgment but before a district court has had an opportunity to rule on "a pending tolling motion, the notice of appeal lies dormant until the trial court disposes of the pending motion. Upon such disposition, the notice becomes effective." United States v. Duke, 50 F.3d 571, 575 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995). Because MIF's Rule 59(e) motion to reconsider is such a tolling motion, see id. at 574 (noting that a timely Rule 59(e) motion tolls the time for filing a notice of appeal), MIF's notice of appeal did not divest the trial court of jurisdiction to rule on the motion. MIF's notice of appeal was not effective until the district court disposed of the motion to reconsider. Given this posture, we construe the district court's order on the motion to reconsider as properly amending the findings of fact in the order denying the Rule 60(b) motion. We also give effect to the district court's indication that, in light of the amended findings, the judicial estoppel issue is moot. Therefore, we will not consider whether the district court properly applied the doctrine of judicial estoppel. We will consider only whether the district court properly denied Rule 60(b) relief on its merits.

5

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. A Rule 60(b) motion is committed to the sound discretion of the trial court, and we review the district court's decision to grant or deny the motion only for an abuse of discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). "`Abuse of discretion occurs if the district court rests its conclusion on clearly erroneous factual findings or if its decision relies on erroneous legal conclusions.'" Hosna v. Groose, 80 F.3d 298, 303 (8th Cir. 1996) (quoting International Ass'n of Machinists & Aerospace Workers v. Soo Line R.R., 850 F.2d 368, 374 (8th Cir. 1988) (en banc), cert. denied, 489 U.S. 1010 (1989)), petition for cert. filed (U.S. June 28, 1996) (No. 95-9498). Although we have said that Rule 60(b) motions are disfavored, we also recognize that they "serve a useful, proper and necessary purpose in maintaining the integrity of the trial process, and a trial court will be reversed where an abuse of discretion occurs." Rosebud Sioux Tribe, 733 F.2d at 515.

Rule 60(b) is to be given a liberal construction so as to do substantial justice and "`to prevent the judgment from becoming a vehicle of injustice.'" Id. (quoting United States v. Walus, 616 F.2d 283, 288 (7th Cir. 1980)). This motion is grounded in equity and exists "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts." Id. (internal quotations omitted) (alterations in original). See also 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2857, at 255 (2d ed. 1995) ("Equitable principles may be taken into account by a court in the exercise of its discretion under Rule 60(b)."). One important equitable consideration is whether the litigants received a ruling on the merits of their claim. "There is much more reason for liberality in reopening a judgment when the merits of the case

6

never have been considered than there is when the judgment comes after a full trial on the merits." 11 Wright, Miller & Kane, <u>supra</u>, § 2857, at 257-58. In such cases, we must balance the policy favoring finality in judgments against the competing policy of granting parties a hearing on the merits of their claims. <u>Id.</u> at 256-57. We also consider whether any substantial rights of the nonmoving party have been prejudiced. <u>See</u> <u>Hoover Valley West D M</u>, 823 F.2d 227, 230 (8th Cir. 1987).

MIF contends that the district court abused its discretion by denying its Rule 60(b) motion, because the prior judgment was based on a mistaken belief that the parties had agreed upon a settlement. We agree. Our review of the record leads us to conclude that the district court relied on a clearly erroneous finding of fact to determine that Rule 60(b) relief was not warranted and failed to properly balance the equities of this case.

"Settlement agreements are governed by basic principles of contract law." <u>Sheng v. Starkey Lab., Inc.</u>, 53 F.3d 192, 194 (8th Cir. 1995). To be enforceable, a settlement agreement must be based upon "a meeting of the minds on the essential terms of the agreement." <u>Ryan v. Ryan</u>, 193 N.W.2d 295, 297 (Minn. 1971). "As a general rule, when the parties dispute the existence or terms of a settlement agreement, the parties must be allowed an evidentiary hearing." <u>Sheng</u>, 53 F.3d at 194. In this case, the parties waived their right to an evidentiary hearing, insisting there was no need for a hearing because they agreed that no settlement agreement existed. The district court found to the contrary.

Initially in its amended findings, the district court found that "the parties <u>represented to each other</u> that they had agreed to the material terms of settlement at the time MIF informed the Court that the case had settled, and that the necessary decision-makers had already agreed to the terms of settlement." (Appellant's Addend. at AD-13.) (emphasis added). This finding is not clearly

7

erroneous. The record demonstrates that MIF believed it had successfully negotiated an oral settlement, which the committee had approved and which would be binding only when fully reduced to writing. MIF then notified the district court of the status of the case.

Within the same paragraph, the district court additionally found, "the parties agreed to a settlement," (id.), and so concluded that its basis for the original dismissal was not mistaken. This finding, that the parties agreed to a settlement, is clearly erroneous on the record before us and in light of both parties' arguments to the contrary. The record demonstrates that during the months following the dismissal, MIF proffered several written settlement proposals in good faith attempts to execute the settlement as it believed the parties had orally agreed. MIF's failure to accomplish the goal demonstrates that the parties' initial belief that they had agreed to the material terms of a settlement was mistaken. It is undisputed that the case has not settled. Neither party on appeal argues that a settlement agreement, oral or written, exists. To the contrary, MIF argues that while it originally thought the parties had reached an oral settlement agreement, that belief has proven to have been mistaken. Rochester Associates argues that MIF knew at the time it informed the court of settlement that no settlement in fact existed. On this record, we conclude that the district court committed clear error by finding that the parties agreed to a settlement.

Turning to the equities of this case, we first consider the policy favoring finality. This case was dismissed with prejudice and was not reopened within the 60 days after dismissal as provided in the order. Thus, the consideration of finality is not to be looked upon lightly. It is also important to note, however, as explained below, that MIF's Rule 60(b) motion was timely and that the expiration of the 60-day grant of extended jurisdiction did not deprive MIF of the right to bring thereafter a timely Rule 60(b)

8

motion. Second, we consider the policy favoring a hearing on the merits. MIF claimed that Rochester Associates owed over four million dollars on a note secured by the property at issue, and the merits of this claim have never been adjudicated. If the judgment is not set aside, MIF is deprived of a hearing on the merits of its claim while Rochester Associates is allowed to keep the real property and the substantial rents it generates without complying with any compromise settlement, without the threat of foreclosure, and without having to pay its obligation on the note. On the other hand, Rochester Associates has not articulated any substantial rights that would be prejudiced if the judgment is set aside. Thus, balancing the equities of this case, we find that allowing Rochester Associates to obtain such a windfall without according MIF a hearing on the merits of its claim outweighs the policy favoring finality of judgments. In other words, our sense of justice is offended more by permitting this judgment to stand than by setting aside the judgment in favor of a determination of the merits of MIF's claim.

Rochester Associates contends that a mistaken belief that a settlement had been reached is not the type of mistake for which Rule 60(b) relief is warranted, but we disagree. Ordinarily, attorney carelessness or neglect is not cognizable under Rule 60(b). See Robinson v. Armontrout, 8 F.3d 6, 7 (8th Cir. 1993) (holding attorney's failure to object does not warrant Rule 60(b) relief). MIF is not seeking either to enforce or to escape any settlement agreement that it erroneously entered into, however. The mistake in this case did not involve attorney error but a misunderstanding among the parties resulting in lack of mutual assent to the settlement agreement. This is precisely the type of mistake that Rule 60(b) is intended to redress. See Sheng, 53 F.3d at 194 & n.6 (remanding for a hearing to determine whether there was mutual assent to a settlement, because if not, then no contract ever existed and "the dismissal was based on a mistake"). Accordingly, we reverse the district court's denial of Rule 60(b)

9

relief and remand this case for a determination of the merits of MIF's claim.

Rochester Associates cross appeals, arguing that the district court erred in determining that MIF's Rule 60(b) motion was timely. Where mistake, inadvertence, surprise, or excusable neglect is alleged, a motion to set aside the judgment must be made within a reasonable time and not more than one year after the judgment was entered. Fed. R. Civ. P. 60(b). MIF's motion was brought within one year of the judgment. Nevertheless, Rochester Associates contends that the motion was not made within a reasonable time under the rule because all the facts were known before the judgment of dismissal was entered or before the 60-day postjudgment period expired.

As previously noted, although there was no actual meeting of the minds, the parties represented to each other that they had reached a settlement at the time of dismissal. Thus, whether MIF brought the Rule 60(b) motion within a reasonable time depends upon when MIF discovered that a mistake had occurred. The record shows that within the 60-day period, MIF sent Rochester Associates a proposed loan purchase agreement, and the parties discussed possible revisions. At the end of that period, Rochester Associates was still apparently cooperating in the attempt to reduce the agreement to writing. MIF and Rochester Associates appeared to be working together to execute the written agreement, but MIF realized in February 1995 (after the expiration of the 60-day period to reopen) that, given Rochester Associates' lengthy list of revisions to the latest proposal, any further attempts to consummate a written settlement agreement would be futile. Shortly thereafter, MIF filed a new foreclosure action and returned to this original action with a Rule 60(b) motion. Given these facts, we conclude that the district court did not abuse its discretion by determining that MIF's Rule 60(b) motion was brought within a reasonable time.

10

Finally, Rochester Associates contends that we lack jurisdiction over two of the individual appellees. Jeri Glaser and Steven Glaser were defendants but were not listed on MIF's notice of appeal filed June 30, 1995, the 29th day after the order of dismissal. On July 11, 1995, MIF filed an amended notice of appeal that includes their names. Citing Torres v. Oakland, 487 U.S. 312 (1988), Rochester Associates argues that this court does not have jurisdiction to set aside the judgment as to these defendants, because they were not specifically named in the notice of appeal within the time for bringing an appeal.

Rochester Associates' reliance on Torres and Federal Rule of Appellate Procedure 3(c) is misplaced. Not only has the rule been amended since the Supreme Court decided Torres, but the rule by its own language never applied to the situation where an appellee has been inadvertently omitted from the notice of appeal. Rule 3(c) provides that all appellants taking an appeal must be specifically listed in the notice of appeal; it does not require a specific listing of all appellees called upon to respond to the appeal. Edgerson v. Clinton, 86 F.3d 833, 835 (8th Cir. 1996); Thomas v. Gunter, 32 F.3d 1258, 1262 (8th Cir. 1994). Rule 3(c) simply does not apply to this situation.

## III.

We conclude that the district court abused its discretion by denying MIF's Rule 60(b) motion. We have also considered all of Rochester Associates' arguments on cross appeal and find them to be without merit. Accordingly, we reverse the district court's denial of MIF's Rule 60(b) motion, and we remand for further proceedings to determine the merits of MIF's complaint. All pending motions are denied.

11

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.