**Floyd E. LARSON, Plaintiff,**

v.

**GROOS BANK, N.A. and CSC Credit Services, Inc., Defendants.**

**Civil Action No. SA–96–CA–0056.**

United States District Court,
W.D. Texas,
San Antonio Division.

Oct. 4, 1996.

---

### *ORDER*

O'CONNOR, United States Magistrate Judge.

On this day, the Court considered the motions for summary judgment of CSC Credit Services, Inc. (CSC) and Groos Bank, N.A. (Groos Bank) (docket nos. 20 and 21).

Plaintiff, Floyd Larson (Larson), filed suit against CSC and Groos Bank alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681t (FCRA), as well as alleging claims for common-law negligence and gross negligence. Specifically, Larson claims that Groos Bank incorrectly reported to CSC that its loan to Larson was five months in arrears and that CSC erroneously listed this information on a credit report which allegedly caused Larson business losses and emotional distress. Subsequently, Larson filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 701–766. Defendants moved for summary judgment on the basis that (1) Larson lacks standing to sue because the cause of action belongs to his bankruptcy trustee; (2) Larson has judicially admitted that he suffered no damages; and (3) the evidence shows Larson suffered no damages. Groos Bank also asserts that it is not subject to the FCRA because it is not a credit reporting agency as defined by the act.

### *Summary Judgment Standard*

The standard to be applied in deciding a motion for summary judgment is set forth in Federal Rule of Civil Procedure 56, which provides in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

Thus, summary judgment motions permit the Court to resolve lawsuits without the necessity of trials if there is no genuine dispute as to any facts which are material and the moving party is entitled to judgment as a matter of law.[2]

### *Findings of Fact and Conclusions of Law*

█ The Court finds that defendants are entitled to summary judgment on the basis

---

1. Fed.R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 2511 n. 4, 91 L.Ed.2d 202 (1986); *Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1187 (5th Cir.1991); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.1990), *rehearing denied*, 920 F.2d 259 (5th Cir.1990); *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198 (5th Cir.1988), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986).

2. *See Fields v. City of South Houston, Texas*, 922 F.2d at 1187; *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d at 177–78; *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 79 (5th Cir.1987).

that Larson has judicially admitted that he suffered no damages. It is undisputed that a verified schedule listing Larson's property that was filed by Larson in his bankruptcy proceeding stated as follows:

Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims:

None.

(Docket no. 20, Larson depo., exhibit no. 22, Schedule B, page 4). Defendants argue that his statement of "None" is a judicial admission that Larson suffered no damages in the instant case because the facts of this case arose before Larson filed bankruptcy and would have been an unliquidated claim.

■ Generally, factual assertions in pleadings, which have not been superseded by amended pleadings, are judicial admissions against the party that made them. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir.1983). Specifically, statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions. *In the Matter of Gervich*, 570 F.2d 247, 253 (8th Cir.1978); *In the Matter of Musgrove*, 187 B.R. 808, 812 (Bankr.N.D.Ga.1995) (holding entry in debtor's schedules, standing alone, constitutes a judicial admission). *See also In re Leonard*, 151 B.R. 639, 643 (Bankr.N.D.N.Y.1992) (holding schedules are admissible as admissions by party-opponent); *In re Applin*, 108 B.R. 253, 257 (Bankr.E.D.Cal.1989) (holding schedules can be treated as admissions by party-opponent); Fed.R.Evid. 801(d)(1). Therefore, Larson's statement of "None" is a judicial admission that he placed no value on this instant lawsuit. In other words, Larson

judicially admitted that he suffered no damages.[3]

■ Proof of damages is an element of recovery for a claim under the FCRA. *See Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir.1988), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989). Nominal damages cannot be recovered under the FCRA unless an actual loss has been sustained. *Id.* Similarly, proof of damages (i.e. actual injury to the plaintiff) is an essential element of a claim for negligence or gross negligence. *Skipper v. United States*, 1 F.3d 349, 352 (5th Cir.1993), *cert. denied*, 510 U.S. 1178, 114 S.Ct. 1220, 127 L.Ed.2d 566 (1994) (identifying injury to plaintiff as element of negligence claim). *See also Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 453 n. 7 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994) (explaining that gross negligence is a heightened degree of negligence). Therefore, Larson cannot prove an essential element of his claims and defendants are entitled to judgment as a matter of law.

■ Furthermore, CSC claims that Larson lacks standing to bring the instant claim because the cause of action is property of Larson's bankruptcy estate. CSC is correct. The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). This includes causes of action that the debtor could have raised as of the commencement of the bankruptcy case. *In re Educators Group Health Trust*, 25 F.3d 1281, 1283–84 (5th Cir.1994). The instant case could have been raised by Larson as of the commencement of his bankruptcy proceedings and, therefore, constitutes property of the bankruptcy estate.[4]

3. Larson contends that he could reopen the bankruptcy proceeding and amend the schedules to reflect a value for the instant lawsuit. Although Larson may be able to reopen the bankruptcy case, the fact remains that as of today, his bankruptcy schedules reflect a zero value given to the instant unliquidated claim. If Larson had plans to reopen the case, he should have done it before now because his current bankruptcy pleadings constitute judicial admissions. *See In re Leonard*, 151 B.R. 639, 643 (Bankr.N.D.N.Y. 1992) (noting that if debtors had a legitimate dispute concerning validity of lien, they had the

opportunity and obligation to amend their schedules). Thus, the Court finds it unnecessary to resolve any hypothetical issues surrounding "what if" the bankruptcy proceedings were reopened.

4. Larson claims the erroneous credit information existed from October 1991 until December 1993. (Docket no. 1, page 3 of petition). Larson filed his bankruptcy petition on August 15, 1994. (Docket no. 20, Larson depo., page 130, ex. 22).

When a cause of action is property of the estate, the bankruptcy trustee has "exclusive standing" to assert the claim. *Id.* at 1284. Thus, Larson lacks standing to bring the instant action.

In summary, since the Court has concluded as a matter of law that Larson has admitted that he has suffered no damages and lacks standing to pursue this case, the Court holds it is not necessary to examine the merits of Larson's claim. It is also unnecessary to address the issue of whether Groos Bank is subject to the provisions of the FCRA.

It is, therefore, **ORDERED** that the motions for summary judgment of CSC Credit Services, Inc. and Groos Bank, N.A. are **GRANTED** on all claims.

It is so **ORDERED.**