In re VANGUARD AIRLINES, INC., Debtor.

Vanguard Airlines, Inc., Plaintiff,

v.

International Aero Components, Inc., and GMAC Commercial Credit, LLC, Defendants.

Bankruptcy No. 02–50802–JWV.

Adversary No. 03–04021–JWV.

United States Bankruptcy Court, W.D. Missouri.

Sept. 17, 2003.

---

Aaron C. Smith, Amy E. Hatch, Arthur A. Chaykin, Christian J. Kelly, Daniel J. Flanigan, David D. Ferguson, Jennifer J. Chapin, Polsinelli, Shalton & Welte, David A. Kraft, Ronald S. Weiss, Berman DeLeve Kuchan & Chapman, Kansas City, MO, Michael J. Pankow, Brownstein, Hyatt & Farber, P.C., Denver, CO, for Debtor.

Sherri L. Wattenbarger, Office of the U.S. Trustee, Kansas City, MO, for Interested Party.

David A. Kraft, Ronald S. Weiss, Berman, DeLeve, Kuchan & Chapman L.C., Kansas City, MO, Ira P. Goldberg, Richard J. Mason, Ross & Hardies, Chicago, IL, for Creditor Committee.

Amy E. Hatch, Daniel J. Flanigan, David D. Ferguson, Polsinelli Shalton & Welte, Kansas City, MO, for Plaintiff.

James D. Lawrence, Tammee E. McVey, Daniel R. Young, Bryan Cave LLP, Kansas City, MO, for Defendant.

### MEMORANDUM ORDER

JERRY VENTERS, Bankruptcy Judge.

This matter comes before the Court on a Motion for Relief Under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure filed by Vanguard Airlines, Inc. ("Debtor"). On July 25, 2003, this Court ordered that 11 U.S.C. § 1110 prevented the Debtor from avoiding the unperfected liens of International Aero Components, Inc., and GMAC Commercial Credit LLC (collectively "IAC") on aircraft parts and equipment. The Court also ruled that the Debtor was precluded from recharacterizing the interests of IAC in the aircraft parts and equipment as something other than a secured party, lessor, or conditional vendor. The Debtor asserts that this preclusion was ruled in error, and requests that the Court amend its Order to allow the Debtor "to pursue at trial its challenge to IAC's standing under Code § 1110." In response, IAC contends that the Debtor judicially admitted that IAC had standing to assert § 1110 to repossess aircraft parts and equipment and that § 1110 prevents the Court from recharacterizing its interest. After reviewing the relevant pleadings and motions, and viewing the context of the litigation as a whole, the Court finds it appropriate to set aside its prior Order, defer ruling on IAC's Motion to Compel, grant the Debtor leave to amend its adversary complaint, and schedule a hearing on the issue of whether IAC has standing to assert rights under § 1110 with all other issues in this matter.

### I. STANDARD OF REVIEW

██ Fed. R. Bankr.P. 9023 makes Fed.R.Civ.P. 59 applicable to bankruptcy proceedings. Under Fed.R.Civ.P. 59(e), a party may file a motion to alter or amend a judgment. In ruling on a motion to alter or amend a judgment the court has broad discretion. *Innovative Home Health Care v. P.T.–O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998). With certain exceptions, Fed. R. Bankr.P. 9024 makes Fed.R.Civ.P. 60 applicable to bankruptcy proceedings. Under Fed.R.Civ.P. 60(b), a court may grant relief from a judgment or order if it was based on mistake, or for any other reason justifying relief from the operation of a judgment. The court has broad discretion in ruling on a Rule 60(b) motion and the court should give the motion a liberal construction so as to prevent injustice. *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir.1996).

### II. BACKGROUND

The Debtor, an air carrier, entered into a transaction with IAC titled: "Inventory Sale, Repurchase and Use Agreement" (the "Agreement"), whereby the Debtor sold aircraft parts to IAC and simultaneously repurchased those assets from IAC on a fixed payment schedule. The written Agreement provided that the transaction was a "conditional sale" and IAC had the right to take possession of the aircraft parts if the Debtor defaulted. IAC did not perfect its security interest in the aircraft equipment by recording its interest with the Federal Aviation Administration or by filing a UCC–1 financing statement. After the Debtor defaulted on the agreement, IAC filed its Proof of Claim on November 8, 2002, asserting that it had a security interest in the Debtor's aircraft parts. The Debtor filed an adversary proceeding, No. 03–04021, on January 8, 2003, alleging, *inter alia*, that IAC's claim was unperfected and subject to avoidance. IAC filed an Answer on Feb-

ruary 7, 2003, and denied the Debtor's allegations.

Meanwhile, on April 9, 2003, IAC sent the Debtor a written demand to surrender and return the aircraft parts and equipment pursuant to 11 U.S.C. § 1110. The Debtor refused IAC's request, and on April 15, 2003, in the main bankruptcy case (No. 02–50802), IAC filed a Motion to Compel the surrender of the parts and equipment. On April 23, 2003, the Debtor sought leave to amend its counterclaim in the adversary proceeding to allege that IAC's lien should be recharacterized and/or equitably subordinated. Two days later, on April 25, 2003, the Debtor objected to IAC's Motion to Compel in the main case arguing that the Motion should be denied because IAC's unperfected lien was avoidable, its interpretation of § 1110 was repugnant to the interests of equity, and that IAC lacked standing to assert rights under § 1110.

On May 5, 2003, IAC replied to the Debtor's Objection to its Motion to Compel, asserting that an unperfected lien under § 1110 was not avoidable by the Debtor and that § 1110 prohibited the Court from recharacterizing or equitably subordinating its lien. On May 12, 2003, the Debtor filed its Reply rehashing its lien avoidance arguments, but failing to mention its recharacterization or subordination theories. Before the hearing on IAC's Motion to Compel and the Debtor's right to amend its Complaint/Objection that initiated the adversary proceeding, the Debtor and IAC entered into the following Stipulation "for the purposes of the May 21, 2003 hearing:"

3. The agreement states that it provides for a conditional sale by IAC to Vanguard of certain personal property (the "Property"). Included in the property are . . . .

4. The agreement provides that IAC may take possession of the Aircraft Parts if Vanguard defaults on its obligations thereunder . . . .

9. The parties agree that they will not present evidence at the May 21, 2003 hearing regarding whether IAC's loan should be recharacterized or its debt equitably subordinated.

(Document No. 670).

After the hearing, the Court Ordered that IAC had the right to repossess the aircraft parts and equipment pursuant to the plain language of § 1110. Regarding the Debtor's argument that IAC's interest should be recharacterized as an equity contribution, the Court entered the following two footnotes:

3. The Debtor and the Committee also argued in their respective replies to IAC's Motion under § 1110 that IAC was not a secured party, lessor, or conditional vendor, but was an equity investor nor entitled to the protections of § 1110. In a subsequently filed joint stipulation between IAC, GMAC, and the Debtor, the parties agreed that they would not submit any evidence at the May 21, 2003 hearing regarding whether IAC's loan should be recharacterized or equitably subordinated. The parties also stipulated that the transaction between IAC and the Debtor was a conditional sale. Thus, by submitting the issue of whether § 544 may be used to avoid an unperfected security interest under § 1110, the Court finds that the parties are barred from subsequently seeking to recharacterize IAC's interest. Otherwise, the Court would be rendering a mere advisory opinion, because if the parties were allowed to later recharacterize IAC's interest to show it was not a party entitled to utilize the provisions of § 1110, no case or controversy would exist in this matter. *See* U.S.

Const. Art. 3 § 2; *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (stating that a controversy "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").

6. The Debtor sought leave to amend its counterclaim to show that IAC's security interest should be recharacterized as an equity contribution rather than a *bona fide* extension of credit. As explained *supra,* n. 3, IAC and the Debtor stipulated that the transaction between them was a conditional sale and no evidence would be submitted at the hearing to show that IAC's loan should be recharacterized or equitably subordinated.

Mem. Op. and Order (July 25, 2003) (Document No. 804).

To the extent the Court ruled that the Debtor had conceded in the Stipulation that IAC was a conditional vendor, the court was in error. The Stipulation only stated that the Agreement provided that IAC was a conditional vendor and that no evidence on the recharacterization issue would be presented at the May 21, 2003 hearing.

Considering the Stipulation, the fact that the parties' arguments at the hearing focused on lien avoidance issues, and the fact that the Debtor decided not to mention any recharacterization arguments in its May 12, 2003 Reply, the Court proceeded to address the merits of the Debtor's argument that IAC's unperfected lien was avoidable. The Court believed that the Debtor—having gambled on the merits of its lien avoidance arguments—had abandoned its recharacterization allegations, and the Court wanted to make it clear in footnotes three and six of its Opinion that the gamble prohibited later arguments on that issue.

Based on the merits of the Debtor's lien avoidance arguments, the Court entered its July 25, 2003 Order granting IAC's Motion to Compel and holding that IAC was entitled to repossess the Debtor's aircraft parts and equipment pursuant to § 1110 and the underlying Agreement. Additionally, the Court denied the Debtor's objection to IAC's Proof of Claim and denied the Debtor's counterclaim for avoidance.

Subsequently, the Debtor filed motions under Fed. R. Bankr.P. 9023 and 9024 asserting that the Court misconstrued the parties' intent. The gist of the Debtor's argument is that the § 1110 issue was submitted to the Court only if the Court found merit in the Debtor's arguments—which would dispose of all the issues—and if not, then the Court should have ruled on whether § 1110 prevents the Debtor from attempting to recharacterize IAC's lien so as to deny IAC standing when the Agreement provides that IAC is a conditional vendor. The Debtor thought that the issue was presented to the Court for a judgment on the pleadings. With the benefit of an order allowing the Debtor to recharacterize IAC's status, the Debtor then intended to conduct discovery and further litigate the issue. Should the Court rule in the Debtor's favor on the recharacterization issue, however, a decision on the merits of the Debtor's lien avoidance arguments would be premature. Therefore, the Court erred when it addressed the merits of the Debtor's lien avoidance arguments without first addressing whether more discovery was needed to determine if IAC had standing to assert rights under that statute.

### III. DISCUSSION

The Debtor seeks to have the Court amend footnotes three and six in its July

25, 2003 Order and allow it to litigate the issue of whether IAC had standing to assert § 1110 to repossess the Debtor's aircraft parts and equipment. The Debtor asserts that the parties intended to submit this issue to the Court so that the Court could render a judgment on the pleadings. Section 1110 of the Bankruptcy Code provides:

> (a) (1) Except as provided in paragraph (2) and subject to subsection (b), the right of a secured party with a security interest in equipment described in paragraph (3), or of a lessor or conditional vendor of such equipment, to take possession of such equipment in compliance with a security agreement, lease, or conditional sale contract, and to enforce any of its other rights or remedies, under such security agreement, lease, or conditional sale contract, to sell, lease, or otherwise retain or dispose of such equipment, is not limited or otherwise affected by any other provision of this title or by any power of the court.

11 U.S.C. § 1110.

█ Thus, pursuant to the plain language of the statute, only a secured party, a lessor, or a conditional vendor of aircraft parts or equipment is eligible to take advantage of the extraordinary powers granted by § 1110. This language is an express Congressional limitation on the right of a party to utilize the provisions of § 1110.

**1. Judgment on the Pleadings**

Rather than conceding that it abandoned its right to recharacterize IAC's interest as something other than a secured party, lessor, or conditional vendor, the Debtor contends that the parties intended to ask the Court for a judgment on the pleadings regarding IAC's standing. The Debtor states:

> (vi) The parties agreed that it made sense to seek at the hearing on the Motion to Compel a ruling on whether Code § 1110 as a matter of law precluded Vanguard's standing claims. The parties further agreed to defer the presentation of evidence on the standing issue, to the extent the Court determined that such evidence was relevant, until the trial date in the adversary proceeding.
>
> (vii) The parties' goal was to obtain an early ruling, prior to incurring substantial sums on legal fees for discovery and a full evidentiary hearing, on the narrow legal issue of whether Code § 1110 precludes recharacterization claims.
>
> (viii) If IAC had been denied judgment on the pleadings on the standing issue, then the parties could have proceeded with discovery and an evidentiary hearing on recharacterization.
>
> (ix) If IAC had been granted judgment on the pleadings on the standing issue, then the parties could avoid the legal expense of discovery. Moreover, a time consuming full evidentiary hearing could be avoided by the parties and the Court.

(Motion for Relief, p. 7).

█ In reviewing a motion for a judgment on the pleadings, the court accepts as true all facts pleaded by the non-moving party, and grants reasonable inferences from the pleadings in favor of the non-moving party. *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). The court grants a motion for a judgment on the pleadings only when the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. Fed. R. Bankr.P. 7012(c); *National Car Rental System, Inc. v. Computer Associates International, Inc.*, 991 F.2d 426, 428 (8th Cir.1993) *cert. denied*, 510 U.S. 861, 114 S.Ct. 176, 126

L.Ed.2d 136 (1993). If matters outside the pleadings are presented, the motion for a judgment on the pleadings is treated as a motion for summary judgment and all parties must be allowed to present material pertinent to a motion under Rule 56. Fed. R. Bankr.P. 7012(c).

Unfortunately, the Court was never presented with a Rule 12(c) motion for a judgment on the pleadings. Because no party moved the Court to rule on such a motion, the Court never made any ruling, and because there is no movant, the Court is without direction in construing reasonable inferences in favor of the non-moving party.[1]

## 2. Standing

Even though the parties failed to present the Court with a motion for a judgment on the pleadings, the Debtor still presented recharacterization arguments in opposition to IAC's Motion to Compel. The Court now addresses merits of the Debtor's standing arguments.

■■■■ If IAC was not a secured party, lessor, or a conditional vendor then IAC could not utilize the provisions of § 1110 because it would lack standing to assert those rights. Federal courts have jurisdiction over cases or controversies and may not render advisory opinions based on a hypothetical state of facts. U.S. Const.

Art. 3 § 2; *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The purpose of the standing doctrine is to ensure that the parties present to the court a justiciable issue so that the court can resolve a genuine controversy between adverse parties. *Allen v. Wright*, 468 U.S. 737, 750–52, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 598, 112 S.Ct. 2130, 2156, 119 L.Ed.2d 351 (1992) (Blackmun and O'Connor dissenting). Only persons who are given a right of action under a federal statute by Congress have the standing to sue under that statute. *See generally Akinseye v. Bigos*, 75 F.Supp.2d 976, 979 (D.Minn. 1998) (holding that under the rule of *inclusio unius est exclusio alterius*, the grant of a right to a specific class in a statute excludes other classes from asserting a right under the same statute), *aff'd* 205 F.3d 1344 (8th Cir.1999). Thus, if IAC lacked standing to assert the extraordinary protections of § 1110, then the Court's earlier Order holding that an unperfected § 1110 lien is immune from avoidance—at the present time—is a mere advisory opinion.

### A. Judicial Admissions

IAC asserts in its opposition to the Debtor's Rule 9023 and 9024 Motion that

---

1. Further problems exist with the Debtor's assertion that the parties requested a judgment on the pleadings. Specifically, the pleadings in this case do not detail any factual allegations showing that IAC's interest should be recharacterized. Pursuant to Fed. R. Bankr.P. 7007(a), the only pleadings allowed are a complaint, an answer, and variations thereof. Of the two proceedings involved in this case—the Debtor's adversary proceeding and IAC's Motion to Compel—only the adversary proceeding contains relevant pleadings. Those pleadings consist of a Complaint/Objection, an Answer, and a proposed Amended Counterclaim. The Court has yet to grant the Debtor leave to file an amended counterclaim and IAC objected to allowing the amendment. Fed. R. Bankr.P. 7015(a). In the Debtor's adversary proceeding, the Debtor's original Complaint/Objection never alleged that IAC's interest should be recharacterized. Because the Court has not yet granted the proposed Amended Counterclaim, IAC has not filed any responsive pleading. Thus, when the parties "submitted" a motion for a judgment on the pleadings to the Court, there were no pleadings in the adversary proceeding concerning the recharacterization issue upon which to rule.

the Debtor judicially admitted that IAC had standing to assert rights under § 1110 of the Bankruptcy Code, and the Court's presumption regarding the Stipulation is superfluous to the Court's July 25, 2003 Order.

 Stipulations and admissions in the pleadings are generally binding on the parties and the Court. *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988). The effect of a judicial admission is to withdraw that fact from issue and to dispense with the need for proof because the admission is binding on the party to whom it is attributable. *Id; Wiget v. Becker*, 84 F.2d 706, 711 (8th Cir.1936). Moreover, "statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D.Tex.1996). *See also In re Bohrer*, 266 B.R. 200, 201 (Bankr.N.D.Cal.2001) (same).

 IAC illustrates the following examples that purportedly constitute judicial admissions by the Debtor that IAC was a secured party or a conditional vendor with standing to assert rights under § 1110.

1) The parties had always operated under the premise that IAC was a secured party or a conditional vendor until IAC filed its Motion to Compel and the Debtor sought leave to amend its adversary complaint.

2) The Debtor's Schedule D—Creditors Holding Secured Claims—listed IAC as a fully secured creditor, and the Debtor has not amended Schedule D.

3) The Debtor's complaint filed in the adversary proceeding contains repeated allegations that IAC has a security interest, and the Debtor repeats these allegations in its proposed amended complaint.

4) The Debtor admitted that the Agreement provides for a conditional sale. And,

5) In its objection to the § 1110 Motion the Debtor did not contest that IAC had satisfied the elements of § 1110 for repossession of the Aircraft Parts. The Debtor continued to assert, consistent with its complaint in the adversary proceeding, that IAC's unperfected security interest was avoidable under § 544. The Debtor alternatively contended that IAC had no standing to assert its rights under § 1110 on the grounds that IAC's interest in the Aircraft Parts was subject to recharacterization or equitable subordination. The Debtor further stated that in its objection to IAC's Motion to Compel: "The Agreement states that IAC was reselling the Assets to Vanguard on a conditional sale basis. Under the Uniform Commercial Code, this conditional sale is treated as nothing more than a loan from IAC to Vanguard with IAC obtaining a security interest in the Assets as a secured party."

The Court does not find that the above examples are sufficient to create a judicial admission on the issue of IAC's standing. The Court does not disagree that the parties operated under the premise that IAC was a secured party or conditional vendor until IAC filed its Motion to Compel on April 15, 2003. The Debtor timely objected to IAC's Proof of Claim on January 8, 2003, however, and the Debtor sought leave of Court to amend its Complaint/Objection to IAC's Proof of Claim on April 23, 2003. If the Court grants the Debtor the right to amend its Complaint/Objection, the Court will also allow the Debtor to amend Schedule D. Additionally, the fact that the Debtor repeatedly refers to IAC as holding a security interest in both its original and proposed amendments to its Complaint/Objection is not a conclusive

636

admission that IAC is a secured party considering the purpose of the Debtor's amendment is to add allegations that IAC's security interest should be recharacterized or equitably subordinated. Finally, the fact that the Debtor placed so much emphasis on its right to avoid IAC's lien was certainly confusing to the Court, especially in light of the Stipulation, because such an argument presupposes that IAC had standing to assert those rights. Despite the fact that recharacterization arguments were wholly absent from the Debtor's final reply to IAC's Motion to Compel, the Debtor nonetheless had raised recharacterization arguments in its original objection to IAC's Motion. Accordingly, the Court is unwilling to construe the facts in this case in such a way as to determine that the Debtor judicially admitted that IAC was a secured party or a conditional vendor.

## B. Burdens of Proof

Fed. R. Bankr.P. 3001(f)—which modifies the Federal Rules of Evidence in bankruptcy proceedings—dictates that a proof of claim is *prima facie* evidence of the claim's validity and amount. Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502–22 (15th ed.1991)). A party objecting to a proof of claim has the burden of going forward to "meet, overcome, or, at minimum, equalize the valid claim." *FDIC v. Union Entities (In re Be–Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir.1996) (quoting *In re Gridley*, 149 Bankr.128, 132 (Bankr.D.S.D.1992)). Once the burden of overcoming the *prima facie* validity of the proof of claim is met, the ultimate burden

of persuasion always rests on the claimant by a preponderance of the evidence. *Id.*

Here, IAC filed its Proof of Claim asserting that it was a secured party. The Stipulation provides that the Agreement states that IAC is a conditional vendor. Thus, the Court finds that IAC met its initial burden of establishing a *prima facie* case that it has a valid claim as a conditional vendor or a secured party under § 1110.

## C. Power of the Court to Reclassify a Party's Status Under § 1110

The Debtor seeks to rebut IAC's *prima facie* showing of a valid claim by demonstrating that IAC's interest should be recharacterized. IAC resists any effort by the Debtor to recharacterize its interest, asserting that the plain language of § 1110 prohibits the Court from equitably recharacterizing IAC's lien once a *prima facie* showing is made. The plain language of § 1110 states:

[T]he right of a secured party ... lessor or conditional vendor [of aircraft parts and equipment] to take possession of such equipment in compliance with a security agreement, lease, or conditional sale contract, and to enforce any of its other rights or remedies, under such security agreement, lease, or conditional sale contract, to sell, lease or otherwise retain or dispose of such equipment, is not limited or otherwise affected by any other provision of this title or by any power of the court.

11 U.S.C. § 1110(a).

When the statute's language is plain the sole function of the court is to enforce it according to its terms. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Pursuant to the express wording of the statute, the prohibition on the Court's power is limited to actions by the

secured party, lessor or conditional vendor to take possession of the equipment, enforce its rights and remedies against the equipment as provided in the underlying agreement, and to dispose of the equipment. There is no prohibition in the statute preventing the court from exercising its equitable power to recharacterize a creditor's interest as something other than a secured party, lessor, or conditional vendor. *See generally Pacific Express, Inc. v. Teknekron Infoswitch Corp. (In re Pacific Express, Inc.),* 780 F.2d 1482, 1485 (9th Cir.1986) (recharacterizing a lease as a security agreement).

### 3. IAC's Motion to Compel

Having determined that the Debtor did not judicially admit that IAC is a secured party or conditional vendor, and that the Court has the power to recharacterize a party's status within the context of § 1110 as to deny that party standing, the Court must now decide whether to grant IAC's Motion to Compel the Debtor to Abandon Property. IAC's entitlement to repossess the Debtor's aircraft parts and equipment is dependent on its ability to utilize the provisions of § 1110. Because IAC met its initial burden as the moving party to show that it is entitled to the relief requested, the Debtor must bear the burden of production to overcome the presumption of validity and show that IAC is not entitled to the relief sought.

Here the Debtor alleged that IAC lacked standing to assert rights under § 1110 because IAC was not a secured party, lessor, or conditional vendor, but at the same time stipulated that the parties would not present any evidence on this issue at the May 21, 2003 hearing. The Debtor asserted in its Rule 9023 and 9024 Motion that no evidence was presented because the parties wanted an early determination on whether § 1110 precluded the

Debtor from recharacterizing IAC's status once IAC made the *prima facie* showing that it was entitled to assert rights under that statute. This assertion was not contradicted by IAC.

 Among the factors the court considers when recharacterizing a debt as an equity contribution are:

(1) the names given to the instruments, if any, evidencing the indebtedness; (2) the presence or absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) the identity of interest between the creditor and the stockholder; (7) the security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advances were used to acquire capital assets; and (11) the presence or absence of a sinking fund to provide repayments.

*Bayer Corp. v. MascoTech, Inc. (In re Autostyle Plastics, Inc.),* 269 F.3d 726, 750 (6th Cir.2001).

In this case, the Debtor alleged in its objection to IAC's Motion to Compel that IAC's loan was an equity contribution because IAC was controlled by Richard Wiley; the Debtor was leasing airplanes from Pegasus Aviation, Inc., a company controlled by Richard Wiley; Vanguard Acquisition Corp.—an entity controlled by Richard Wiley—was the 37.5% equity owner of the Debtor; funds from the IAC loan were used to pay for the aircraft leased from Pegasus; and the IAC loans benefitted entities associated with Richard Wiley and operated to the detriment of other nonaffiliated creditors of the Debtor at a

time when the Debtor was insolvent and undercapitalized.

Considering these allegations, the Court finds that the Debtor presented a colorable argument for recharacterization of IAC's status and that the Debtor needs additional time to conduct discovery. Accordingly, the Court finds that it is inappropriate to rule on IAC's Motion to Compel at this time.

### 4. Amendment to the Debtor's Adversary Complaint/Objection

██ Once a responsive pleading is filed, a party may not amend a prior pleading without the written consent of the adverse party or without leave of court. Fed. R. Bankr.P. 7015. Here, the Debtor seeks to amend its Complaint/Objection in the adversary proceeding after IAC filed its Answer and over IAC's Objection. IAC objected on the basis that a favorable decision on its Motion to Compel would render the Debtor's proposed amendment moot. Trial in this adversary proceeding matter was suspended without a date by the Court on April 16, 2003. The Court finds no prejudice to IAC in allowing the Debtor to amend is Complaint/Objection in the adversary proceeding to assert counterclaims of recharacterization and equitable subordination.

### IV. ORDER

Therefore, it is,

**ORDERED** that Vanguard Airlines, Inc.'s Motion for Relief Under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure be and hereby is GRANTED. It is,

**FURTHER ORDERED** that the Court's July 25, 2003 Memorandum Opinion and Order be and hereby is SET ASIDE. It is

**FURTHER ORDERED** that Vanguard Airlines, Inc.'s Motion for Leave to File First Amended Counterclaim Against International Aero Components, Inc. and GMAC Commercial Credit LLC and Objection to Proof of Claim of International Aero Components, Inc., be and hereby is GRANTED. It is,

**FURTHER ORDERED** that trial on all the issues in this matter is set for December 19, 2003, at 9:30 a.m., with a pretrial conference to be held on December 2, 2003, at 1:00 p.m.