**In the Matter of Marco Lagrange GEORGE, Debtor.**

**Joyner Auto World, Movant,**

v.

**Marco Lagrange George, Respondent.**

**No. 03–42508.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Feb. 24, 2004.

Jan M. Smith, Savannah, GA, for Debtor.

Sylvia Ford Brown, Savannah, GA, for Trustee.

### MEMORANDUM AND ORDER

LAMAR W. DAVIS, JR., Chief Judge.

Joyner Auto World (hereinafter "Movant") filed a Motion for Relief from Stay on October 22, 2003, in order to dispose of Debtor's 1995 Dodge Caravan pursuant to the terms of its contract. This Court has jurisdiction over this core proceeding under 28 U.S.C. § 157(b)(2)(G). Pursuant to the hearing on the motion on January 13, 2004, and applicable authorities, I make the following Findings of Fact and Conclusions of Law in accordance with the directive of Federal Rule of Bankruptcy Procedure 7052.

### FINDINGS OF FACT

In March 2002, Debtor and Movant entered into a contract for the sale of a 1995 Dodge Caravan. The contract terms required Debtor to pay Movant $306.00 per month for a period of 24 months. The contract was to mature in April 2004. Debtor made 18 payments pursuant to the contract prior to filing this Chapter 13 proceeding on August 13, 2003. Movant repossessed the Dodge Caravan pre-petition and is currently in possession of the vehicle.

The Dodge is nine years old and has an estimated 140,000 miles on it. Debtor has made substantial repairs to the vehicle at his own expense including replacing the compressor, the air conditioner and the engine. Debtor also owns a 1999 Pontiac Grand Prix valued in the schedules at $6,000.00 and pledged to Darby Bank to

secure a loan in the amount of $7,580.81. Debtor maintains full coverage insurance on both vehicles.

Although Debtor's attorney suggested that the value of the Dodge is at least $5,000.00 and Movant's attorney admitted that he did not know the value of the vehicle, no evidence was presented to support any particular value. In Schedule D, Debtor listed the value of the Dodge Caravan as $2,500.00. Debtor also listed the value of Movant's claim as $2,887.88, and Movant filed a claim in the case in the amount of $3,360.60.

At the hearing, Debtor's payments in the unconfirmed Chapter 13 plan were increased from $289.00 to approximately $330.00 per month. After the payment of attorney's fees and Trustee's fees, the Movant will receive an estimated $80.00 per month under the plan. Even prior to the payment increase, Debtor's budget was extremely tight, and there is currently a delinquency in the case of over $500.00.

### CONCLUSIONS OF LAW

In its Motion for Relief from Stay, Movant asserts that, pursuant to 11 U.S.C. § 362(d)(2), it is entitled to relief from the automatic stay. Section 362(d)(2) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

> (A) the debtor does not have an equity in such property; and

> (B) such property is not necessary to an effective reorganization ...

The burden of proof is on the movant to show the debtor's lack of equity in the property; however, once the movant sustains its burden, the burden shifts to the debtor to prove that the property is necessary for an effective reorganization. 11 U.S.C. § 362(g). *See United Sav. Ass'n v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 375–376, 108 S.Ct. 626, 632–33, 98 L.Ed.2d 740 (1988). Both elements must exist before relief may be granted under this provision.

Both the Movant and Debtor failed to provide any evidence regarding Debtor's equity in the property or the value of the property. Due to the lack of evidence concerning value, the Court is forced to rely on the value of the vehicle listed in Debtor's Schedule D. *See In re Applin,* 108 B.R. 253, 257–58 (Bankr.E.D.Cal.1989)(noting that bankruptcy court could as a matter of discretion fill in evidentiary gaps by taking judicial notice of debtor's schedules). The Debtor swore under penalty of perjury that the vehicle is worth $2,500.00. This statement of value constitutes a judicial admission. *See Larson v. Groos Bank, N.A.,* 204 B.R. 500, 502 (W.D.Tex.1996)("[S]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."); *Morgan v. Musgrove (In re Musgrove),* 187 B.R. 808, 812 (Bankr.N.D.Ga.1995)(holding entry in debtor's schedule constitutes judicial admission). Additionally, Debtor listed the value of Movant's claim as $2,887.88. Therefore, according to Debtor's schedule D, Debtor has no equity in the vehicle.

It then becomes Debtor's burden to prove that the property is necessary for an effective reorganization. Although Debtor has a second vehicle, Debtor testified credibly that the Dodge Caravan is necessary

for an effective reorganization. *See, e.g., In re Powell,* 223 B.R. 225, 235 (Bankr.N.D.Ala.1998)(holding that two vehicles were necessary for debtor's effective reorganization). Debtor has four children, two of which require child safety seats, and his wife is pregnant. The Pontiac Grand Prix is not large enough to accommodate his entire family. In addition, with only one car, Debtor is forced to leave work in order to pick up his wife from work in the afternoon. Debtor works on commission, and while he is absent from work, he loses potential sales.

■ In proving that the property is necessary for an effective reorganization, Debtor must also demonstrate that there is "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n. v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988). Debtor's plan has not yet been confirmed. However, there is a valid salary deduction order in place, and there is no reason to doubt that a successful reorganization is possible. Because Debtor met his burden of proof and established that the vehicle was necessary for an effective reorganization, the Motion for Relief cannot be granted pursuant to 11 U.S.C. § 362(d)(2).

■ In the alternative, Movant asserted at the hearing that it was entitled to relief from stay due to lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1). The section provides in relevant part,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

Similar to § 362(d)(2), the burden of proof on a motion for relief from stay under § 362(d)(1) shifts from the movant's initial showing of "cause" to the party opposing the motion. *See Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1285 (2nd Cir.1990). The party seeking relief from the automatic stay must establish a prima facie case of cause for relief. *See Overhead Door Corp. v. Allstar Bldg. Products, Inc. (In re Allstar Bldg. Products, Inc.),* 834 F.2d 898, 900 (11th Cir.1987)(en banc)("The party opposing the motion cannot merely rest once the party seeking to have the stay lifted makes a prima facie showing he is entitled to relief."). If the movant establishes the prima facie case, the burden shifts to the debtor to prove cause does not exist, or in this case, to prove adequate protection does exist. 11 U.S.C. § 362(g).

■ Section 362(d)(1) does not define "cause," and the courts are left to determine what constitutes cause based on the totality of the circumstances. *See Baldino v. Wilson (In re Wilson),* 116 F.3d 87, 90 (3rd Cir.1997). In order to show its prima facie case of cause for relief for lack of adequate protection, the moving party may establish that the value of the collateral is declining as a result of the stay. *See In re Elmira Litho, Inc.,* 174 B.R. 892, 902–03 (Bankr.S.D.N.Y.1994)(noting that a creditor may generally show that the collateral was worth more at an earlier date than it will be in the future). Movant satisfied this initial burden. The vehicle at present is nine years old, and by the completion of the plan, the vehicle will be almost fourteen years old. The original contract term was two years, and the plan would extend that term for an additional four years on a nine year old vehicle. Movant contends it is unlikely that the vehicle would continue to run for that length of time, and at that point, the vehi-

cle would have no value. Additionally, as evidenced by Schedule D, there is no equity cushion in the vehicle to protect Movant. *See Bargas v. Rice (In re Rice),* 82 B.R. 623, 627 (Bankr.S.D.Ga.1987)(Davis, J.)("However, if an equity cushion exists in the property such may be sufficient to constitute adequate protection for the secured creditor.").

■ After Movant met its initial burden of proof, the burden shifted to Debtor to prove adequate protection exists. Debtor's testimony that he made repairs to the vehicle in the past and maintains insurance coverage, while commendable, is not sufficient to demonstrate adequate protection in the future to the Movant in this particular case due to the age of the vehicle and the terms of the contract on the vehicle. *See In re Powell,* 223 B.R. 225, 234 (Bankr.N.D.Ala.1998)("Adequate protection may include providing proof of an enforceable insurance policy on the collateral and/or proof of proper maintenance of the property.")

■ Adequate protection may also be provided by requiring the trustee to make periodic cash payments to an entity with an interest in debtor's property. 11 U.S.C. § 361(1). "Adequate protection payments are intended, first and foremost, to protect against, and compensate for, a decrease in the value of a creditor's collateral." *In re SunCruz Casinos, LLC,* 298 B.R. 833, 844 (Bankr.S.D.Fla.2003)(citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)). *See* 11 U.S.C. § 361(1). Movant will receive only one-fourth of its contractual payment under the plan, approximately $80.00 per month, which Movant asserts is insufficient to adequately protect its interest. Debtor provided no evidence that $80.00 per month is adequate to compensate for the decrease in value which will

occur. *See In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr.S.D.N.Y.1994)("Once the movant satisfies [its] initial burden, the burden shifts to the debtor to go forward with evidence, and ultimately, to prove that the collateral is not declining in value, or that the secured party is adequately protected through periodic payments, an equity cushion, additional or replacement liens or good prospects for a successful reorganization.").

In the context of a Chapter 13 case, it is common for the terms of a contract to be modified by decreasing the payment or extending the term of the contract. *See* 11 U.S.C. § 1322(b)(2). These factors alone are not sufficient to demonstrate lack of adequate protection in most cases. However, in this case, Debtor proposes to decrease the monthly payments by almost seventy-five percent and extend the contract term four additional years. The magnitude of the debt restructuring in this case is unique and satisfies the Movant's burden of proof; thus, the burden of proof shifted to Debtor, and he was unable to meet it.

Because Debtor failed to demonstrate that $80.00 per month for four years will adequately protect the interests of the Movant, the Motion for Relief from Stay is granted pursuant to 11 U.S.C. § 362(d)(1). *Overhead Door Corp. v. Allstar Bldg. Products, Inc. (In re Allstar Bldg. Products, Inc.),* 834 F.2d 898, 900 (11th Cir. 1987)(en banc)("Where a party who opposes the lifting of the automatic stay imposed by § 362(a) fails to meet its burden as allocated by § 362(g), the stay should be lifted.").

*ORDER*

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THE COURT that Joyner

Auto World's Motion for Relief from Stay is GRANTED.